## LONDON GUARANTEE AND ACCIDENT COMPANY, LIMITED, *v.* SIWY.

[No. 4,279. Filed February 19, 1903. Rehearing denied June 30, 1904. Transfer denied April 21, 1905.]

1. INSURANCE.—*Indemnity.*—"*Immediate Notice.*"—*When question of Law.*—A condition in an indemnity policy that "immediate notice" of any claim shall be given such indemnity company by assured means notice within a reasonable time, and where the facts are not in dispute such question is one of law for the court. p. 345.

2. INSURANCE.—*Indemnity.*—*Notice.*—*Condition Precedent.*—A condition in an indemnity policy that assured shall give "immediate notice" of any claim to such company is a condition precedent, and unless such "immediate notice" is given, no liability accrues under such policy. p. 345.

3. SAME.—*Indemnity.*—*Forfeiture.*—*Equitable Relief Against.*—The failure of assured to give "immediate notice" of a claim under an indemnity policy containing such requirement forfeits assured's right of indemnity thereunder, and such forfeiture can not be relieved against in equity. p. 345.

4. SAME.—*Indemnity.*—*"Immediate Notice."*—"Immediate notice" of a claim is not given to an indemnity company by assured where claim was made and suit filed October 12, the cause put at issue on December 23, and notice thereof given to such company on January 13. p. 346.

5. SAME.—*Indemnity.*—*Forfeiture.*—*Waiver.*—The defense, by an indemnity company, of an action for damages for personal injuries against assured is not a waiver of a forfeiture of its indemnity policy providing for "immediate notice" of any claim to be sent by assured to such company, where assured agreed that such action of the company should not constitute a waiver. p. 346.

From Lake Circuit Court; *John H. Gillett,* Judge.

Action by Mike Siwy against the London Guarantee and Accident Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Miller, Elam & Fesler, Frank J. Canty* and *John B. Peterson,* for appellant.

*Crumpacker & Moran,* for appellee.

HENLEY, J.—The facts appearing from the record are substantially as follows: The appellant is a foreign corporation engaged in the business of insuring employers of labor against liability for damages to servants on account of injuries which such servants may receive while in the line of their employment. The East Chicago Iron & Steel Company was an Illinois corporation, engaged in the business of operating a rolling-mill at East Chicago, Indiana. On June 21, 1895, the appellant company insured said steel company for twelve months, from noon, June 21, 1895, to noon of June 21, 1896, against all liability for damages

to its employes, in a sum not exceeding $5,000 for any injury to any one employe, where such injury resulted to the employe while in the service of the steel company at its plant. The appellee was in the employ of the steel company on December 13, 1895, and on said day, while in the service of the company, and in the line of his duty, sustained a serious injury. Upon the occurrence of said accident the steel company gave written notice to the general manager of the appellant company for the United States.

On July 24, 1896, the judge of the Lake Circuit Court, in chambers, in the case of Parkhurst against said steel company, appointed A. Murray Turner receiver of said steel company, and ordered and empowered him to take possession of all the property of said steel company, wherever situated. On October 12, 1896, this appellee, after obtaining leave of said circuit court so to do, commenced a suit for damages for the injury sustained while in the employ of said steel company, naming as defendant in said suit said steel company and said Turner, receiver. On the 6th day of January, 1898, this appellee recovered judgment in said suit against said steel company and said receiver, for $1,500 and costs. Said steel company and said receiver appealed said cause to this court, and on the 21st day of December, 1899, said case was by this court dismissed, and has never been reinstated. On the 11th day of March, 1899, this appellee filed an intervening petition in the receivership suit, in which he set up his judgment, amounting at that date to $1,658.34, which petition was denied by the receiver. Such sum was allowed, however, as a general claim against the estate of said steel company. On the same day appellee filed a further petition in the receivership matter, based upon the policy of insurance issued by appellant, and the court ordered that all the right, title and interest of said steel company and said receiver be assigned to appellee, with authority to sue in his own name thereon, and in the same order directed the

receiver, in the event appellee brought suit to enforce said policy, to appear to such action and answer, admitting the facts. Pursuant to said order, the policy of insurance was delivered to appellee by the receiver. Thereupon the appellee began this action upon said policy of insurance, averring the facts heretofore stated, with the further averments that the appellant had wholly failed to perform the conditions of said policy and that appellee and the assured had performed the conditions imposed upon them by said contract in every respect. Appellant answered in four paragraphs. Appellee replied in three paragraphs, and the cause having been put at issue was tried by the court. There was a finding and a judgment in favor of the appellee in the sum of $1,875.65.

The errors assigned and discussed in this court arise out of the ruling of the trial court in overruling appellant's motion for a new trial. It is contended by counsel for appellant that the evidence wholly fails to sustain the finding and judgment of the trial court.

On the back of the policy of insurance, issued to the steel company, were certain agreements and conditions, binding upon the assured, and under which agreements and conditions the policy was issued and accepted. The first of these conditions was in the following words: "Upon the occurrence of an accident, and also upon the receipt of notice of any claim on account of an accident, the assured shall give immediate notice in writing of such accident or claim, with the fullest information available, to the general manager of the company for the United States of America, in the city of Chicago, Illinois, or to the agent, if any, providing he is still acting for the company, who shall have countersigned this policy. The assured shall, from time to time, and at all times, furnish such additional information in relation to the accident as the company may require."

The second paragraph of appellant's answer was based

upon condition number one as above set out, and averred, among other facts, that the action wherein the appellee recovered a judgment against the steel company was commenced on the 12th day of October, 1896; that said Turner, receiver, and the steel company, had known of appellee's claim prior thereto, and that neither of said parties gave immediate notice in writing of such claim to appellant, as was provided in the policy of insurance, and that said appellant had no knowledge or notice that appellee had made a claim against the steel company or said Turner, receiver, until the 13th day of January, 1897; and that, on account of such failure to give notice as provided by the contract of insurance, said policy did not become effective, and said steel company and said Turner, receiver, lost any and all rights, growing out of said accident to appellee, which they, or either of them, might have had under said policy.

The second paragraph of appellee's reply is addressed to the appellant's second paragraph of answer, and attempts to avoid the failure to give notice to appellant of appellee's claim, by averring that the receiver did not know of the existence of the policy or of appellee's claim until this suit was commenced. It is further averred that the books and papers of said steel company were in the hands of the assignee of a corporation known as Parkhurst & Wilkinson, in Chicago, Illinois; that Parkhurst of said company was a large stockholder in said steel company; that the policy of insurance herein sued upon was among said papers, and that said Turner, receiver, did not have access to them. It is further averred that appellee knew nothing of the existence of said policy until after the appellant was notified. The third paragraph of reply alleges that appellant waived any violation of the conditions of the policy of insurance by the assured or any one claiming thereunder.

The contention of appellant's counsel is that there was a failure to comply with that condition of the policy which required that upon receipt of notice of any claim on account

of an accident the assured shall give immediate notice of such claim to the company issuing the policy, and that there was a complete failure of the evidence to show that such condition had in any way been waived.

1. This court in the case of *Employers, etc., Corp.* v. *Light, etc., Co.* (1902), 28 Ind. App. 437, held that the words "immediate notice," in a condition of a policy, mean notice within a reasonable time, considering the purpose for which the notice is given and the circumstances of the case. To the same effect are the following cases: *Travelers Ins. Co.* v. *Myers & Co.* (1900), 62 Ohio St. 529, 57 N. E. 458, 49 L. R. A. 760; *Smith & Dove Mfg. Co.* v. *Travelers Ins. Co.* (1898), 171 Mass. 357, 50 N. E. 516; *Pickel* v. *Phenix Ins. Co.* (1889), 119 Ind. 291; *Edwards* v. *Lycoming County Mut. Ins. Co.* (1874), 75 Pa. St. 37. What is reasonable notice is a question of law for the court to determine when the facts are not in dispute. *Baker* v. *German Fire Ins. Co.* (1890), 124 Ind. 490; *Foster* v. *Fidelity, etc., Co.* (1898), 99 Wis. 447, 75 N. W. 69, 40 L. R. A. 833.

2. A condition in a policy of insurance of the kind issued by appellant herein, which requires that the assured shall give immediate notice to the company of a claim for damages on account of an injury to an employe, is a condition precedent. *Underwood Veneer Co.* v. *London Guarantee, etc., Co.* (1898), 100 Wis. 378, 75 N. W. 996; *Green Bros.* v. *Northwestern, etc., Ins. Co.* (1893), 87 Iowa 358, 54 N. W. 349; *Smith & Dove Mfg. Co.* v. *Travelers Ins. Co., supra; Victorian, etc., Co.* v. *Australian, etc., Co.* (1893), 19 Vict. L. R. 139; *California Sav. Bank* v. *American Surety Co.* (1898), 87 Fed. 118; *Railway Passenger Assur. Co.* v. *Burwell* (1873), 44 Ind. 460.

3. The notice required by the condition as heretofore set out is material, and of the essence of the contract. A failure immediately to give such notice involves an absolute forfeiture which can not be relieved against in equity. It

has often been so held, where the condition in a life insurance policy required the payment of the premium on a certain day. *Klein* v. *Insurance Co.* (1881), 104 U. S. 88, 26 L. Ed. 662; *New York Life Ins. Co.* v. *Statham* (1876), 93 U. S. 24, 23 L. Ed. 789; *Thompson* v. *Insurance Co.*, 104 U. S. 252, 26 L. Ed. 765. The same holding necessarily follows where notice is required of the happening of the very thing which the policy is intended to indemnify against. *Victorian, etc., Co.* v. *Australian, etc., Co., supra.* The failure on the part of the assured to comply with material conditions expressed in insurance policies can not be relieved against in equity, because the court can not put the insurance company in as good condition as if the condition had been performed. *Klein* v. *Insurance Co., supra.*

4. These settled rules of law are all applicable to the evidence given in this cause, and under them we will consider (1) whether appellant was immediately notified of the claim of appellee against the steel company, and (2) did appellant in any manner waive such notice. Appellee was injured on December 13, 1895. On the following day appellant was notified of the accident. On October 12, 1896, appellee commenced his action against said steel company and Turner, its receiver, for damages growing out of said accident. The cause was put at issue on December 23, 1896. Appellant was first notified that appellee had claimed damages against the assured on the 13th day of January, 1897. It will be seen that a period of more than three months elapsed after appellee commenced his action against the steel company and its receiver before appellant was notified of the claim, and then, not until the cause was at issue and set down for trial.

5. It is contended by counsel for appellee that appellant having employed counsel and taken charge of the defense after receiving the notice, it waived the forfeiture it might otherwise have insisted upon. Upon receiving notice of the pendency of the action, appellant addressed the follow-

ing letter to the receiver of the steel company: "Dear Sir: Your favor of the 15th inst., advising us that the trial of the above-entitled case is near at hand and asking us to assume the defense, is received, and in reply I beg to state that we can not at this late date assume the responsibility. The policy requires you to give us immediate notice of the commencement of suit, so that we may take the necessary steps to protect your interest. It is now almost three months since suit was commenced, and we are in no position to take up the defense at this late date. Yours very truly, A. W. Masters, general manager." And not until the following agreement was executed did appellant assume the defense of the action: "It is hereby stipulated and agreed between A. M. Turner, receiver of the East Chicago Iron & Steel Company, and the London Guarantee & Accident Company, Limited, that the action of the latter in defending the case of Siwy against said A. M. Turner, receiver, and the East Chicago Iron & Steel Company, on account of an accident December 13, 1895, shall not be construed as in any manner waiving any right which it now has in the matter of said accident, by reason of the failure of said A. M. Turner, receiver, and the East Chicago Iron & Steel Company (if any such failure occurred) to comply with the terms of its policy in force at the time of the accident, and at the time suit was brought, and issued to the East Chicago Iron & Steel Company, A. M. Turner, receiver, by said London Guarantee & Accident Company, Limited, not admitting, however, that such or any failure in the premises occurred. A. M. Turner, receiver. London Guarantee & Accident Co., Limited. By F. J. Canty, attorney. Dated at Hammond, Indiana, February 18, 1897." Thus the evidence shows that appellant did not, at any time, waive the condition providing for notice. Under a policy like the one in question here it was the right and duty of the company to assume the defense of all actions for damages growing out of personal

injuries to the employes of the assured during the life of the policy. It had a right to pay a certain amount of money to the assured, and be wholly discharged from liability under the policy. It had a right to settle or compromise with any employe claiming damages. It will thus be seen how material and important it was to appellant that it receive immediate notice of any claim arising under the policy. No sufficient excuse is shown by the evidence why such notice was not given. Appellant's motion for a new trial ought to have been sustained.

Judgment reversed, and cause remanded, with instructions to the trial court to sustain appellant's motion for a new trial.