Anthony N. KOENIG, Appellant–
Plaintiff,

v.

Debra K. BEDELL and Aetna Insurance
Company, Appellees–Defendants.

No. 42A01–9112–CV–389.

Court of Appeals of Indiana,
Third District.

Oct. 29, 1992.

**454**

Christian M. Lenn, Gerling Law Offices, Evansville, for appellant-plaintiff.

Ross E. Rudolph, James D. Johnson, Mattingly, Rudolph, Fine & Porter, Evansville, for appellee-defendant Aetna Ins. Co.

HOFFMAN, Judge.

Appellant-plaintiff Anthony A. Koenig appeals the trial court's entry of summary judgment in favor of appellee-defendant Aetna.

The facts relevant to the appeal disclose that in March 1979, Anthony was seriously injured in an automobile tractor-trailer collision. Anthony, who was six-years old at the time, was a passenger in a car driven by Debra Bedell. Bedell turned her vehicle into the path of a tractor-trailer rig causing the collision.

Anthony and his siblings were in the foster care of Barbara Koenig at the time of the collision. Barbara learned of the incident on the day it occurred. Although Barbara never spoke to Bedell about the collision, Barbara was told by Bedell's mother that Bedell was an uninsured motorist. Barbara did not notify her insurance agent or the insurer, Aetna, of the incident or of any possible claim.

Barbara adopted Anthony in 1986. At some point, Barbara became aware that the insurance policy through Aetna contained uninsured motorist provisions which should cover the injuries sustained by Anthony. On October 2, 1986, Aetna was given notice of Anthony's claim under Barbara's policy. In 1987, Anthony filed suit against Bedell and Aetna.

Barbara was unable to provide a copy of the insurance contract at the time of filing suit. Further, Barbara did not know the effective dates of the policy or the specific policy provisions.

In Bedell's answer, she did not admit that she was an uninsured motorist at the time of the collision. However, for summary judgment purposes, the trial court assumed that she was uninsured.

In December 1989, finding that the notice of claim given seven and one-half years after the incident was unreasonable as a matter of law, the trial court entered summary judgment in favor of Aetna. In September 1991, Anthony and Bedell entered into an Agreed Entry of Judgment in favor of Anthony in the amount of $200,000.00. Other facts appear below as necessary.

As restated and consolidated, Anthony raises one issue for review: whether a genuine issue of material fact exists as to the reasonableness of the notice of claim given to the insurer, and even if the seven and one-half year delay is unreasonable, whether any prejudice occurred.

As of the January 1, 1991 amendment to Ind. Trial Rule 56, the parties to a summary judgment proceeding must expressly designate to the trial court evidentiary matter which supports their respective positions. Ind. Trial Rule 56(C) provides in pertinent part:

"At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto."

Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

 In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. This Court must liberally construe all designated evidentiary matter in favor of the non-moving party

and resolve any doubt against the moving party. *State Bd. of Tax Com'rs v. New Energy Co.* (1992), Ind.App., 585 N.E.2d 38, 39. Even if it appears that the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. The existence of a genuine issue of material fact shall not be a ground for reversal on appeal unless such fact was designated to the trial court and is included in the record.

*See Block v. Lake Mortgage Co., Inc.* (1992), Ind.App., 601 N.E.2d 449, 450; T.R. 56(H).

Furthermore, this Court will affirm summary judgment so long as the designated evidentiary matter supports a legal theory which supports summary judgment.

First, Anthony contends that the notice of the claim given to Aetna seven and one-half years after the collision was not unreasonable and that Aetna was not actually prejudiced by the delay. Insurance governing statutes allow policy provisions requiring that "[w]ritten notice of [an insured's] claim must be given to the insurer within twenty (20) days after the occurrence ... covered by the policy, or as soon thereafter as is reasonably possible." IND. CODE § 27–8–5–3(a)(5) (1982 Ed.).

■ For summary judgment purposes, Aetna does not challenge the trial court's assumptions: that Barbara had a valid contract of insurance at the time of the collision which contained an uninsured motorist endorsement; that Anthony as a foster child would have qualified for coverage; and that the contract contained a standard clause requiring notice of a claim to be given within a reasonable time as contemplated by the above referenced statute. When the facts regarding the notice are undisputed, the issue of reasonableness is a question of law for the court. *See Miller v. Dilts* (1984), Ind., 463 N.E.2d 257, 263, *quoting London Guarantee and Accident Co., Ltd. v. Siwy* (1904), 35 Ind.App. 340, 66 N.E. 481.

■ Unlike other policy provisions requiring the cooperation of the insured, non-compliance with notice of claim provisions resulting in an unreasonable delay triggers a presumption of prejudice to the insurer's ability to prepare an adequate defense. *Miller* at 265. The court stated:

"The requirement of prompt notice gives the insurer an opportunity to make a timely and adequate investigation of all the circumstances surrounding the accident or loss. This adequate investigation is often frustrated by a delayed notice. Prejudice to the insurance company's ability to prepare an adequate defense can therefore be presumed by an unreasonable delay in notifying the company about the accident or about the filing of the lawsuit. This is not in conflict with the public policy theory that the court should seek to protect the innocent third parties from attempts by insurance companies to deny liability for some insignificant failure to notify."

*Id.* Further, as noted in *Miller:*

"late notice given to an insurer places it in a position that could have been avoided through timely notice, and ... the 'most cooperative insured cannot erase this prejudice suffered by the insurer' in situations where the scene of the accident changes, or witnesses move away or ... their memories lapse, due to the passage of time. [Citation omitted.]"

*Id.*

Anthony was 13 years old when the notice of claim was given to Aetna. Anthony contends that his minority, especially when coupled with the mentally incapacitating injuries he received in the collision, justify a tolling of the notice provisions until he attained majority or upon removal of his disability. Because the notice requirement under an insurance policy is material and of the essence of the contract, *Miller* at 265, such a rule would place insurers in an untenable position with respect to the coverage of infants.

In *Allstate Insurance Co. v. Furman* (1981), 84 A.D.2d 29, 445 N.Y.S.2d 236, *order affirmed,* 58 N.Y.2d 613, 458 N.Y.S.2d 532, 444 N.E.2d 996, the infant plaintiff filed suit against his parents for an injury which occurred six years earlier.

The parents, as defendants in the suit, forwarded the suit papers to their homeowner's insurance carrier. The insurer disclaimed liability due to the late notice of claim. The *Furman* court determined the notice was unreasonably late despite attempts to circumvent the notice requirement through a suit filed by the child.

■ Here, as in *Furman,* infancy or disability alone will not excuse an unreasonably late notice. Under the circumstances, Barbara's failure to provide timely notice renders the notice unreasonable as a matter of law. Barbara admitted that she knew of the incident on the day of its occurrence. Further, she attributed her failure to provide notice of the claim to "stupidity." Thus, it is presumed that the unreasonable notice caused Aetna prejudice to its ability to adequately investigate the claim.

■ Anthony has failed to rebut the presumption of prejudice resulting from the unreasonable delay. Anthony did not demonstrate that the scene of the accident had not changed, that the witnesses were still available, or that their memories of the incident had not faded over the passage of time to the extent that Aetna could still meaningfully investigate the claim.

Also, Barbara did not retain a copy of the contract of insurance under which Anthony asserts a claim. Through depositions and affidavits, Aetna representatives asserted that records from the year the policy was issued are no longer available. The declaration sheets including the types and limits of coverage for each customer's policy were retained for a minimum of three years. Such information was often kept by the insurer for five or six years. Consequently, the seven and one-half year delay foreclosed Aetna's opportunity to determine the viability of the claim through its own records.

Because Anthony has failed to demonstrate a genuine issue of material fact or an error in law, the judgment is affirmed.

Affirmed.

RATLIFF, J., concurs.

ROBERTSON, J., dissents with opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent. I agree with the majority that neither Anthony's infancy nor his disability excuses the unreasonable delay in the provision of notice to Aetna in this case. I agree further that *Miller v. Dilts* (1984), Ind., 463 N.E.2d 257, dictates that the legal result of this unreasonable unexcused delay is that Aetna is aided with a presumption that it was actually prejudiced by the delay in its ability to prepare an adequate defense. However, under the designated facts most favorable to Anthony, I cannot conclude that, as a matter of law, Aetna has suffered actual prejudice as the result of the delay and is therefore entitled to summary judgment despite being aided with the presumption that prejudice accrued from the delay.

In *Miller,* our supreme court held that an insurance company must show actual prejudice from an insured's unreasonable delay in providing notice before it can avoid liability under the policy. 463 N.E.2d at 265. The *Miller* court held that while actual prejudice could be presumed by an unreasonable delay in the provision of notice, this presumption could be rebutted by evidence that prejudice did not occur in the particular situation. *Id.* The *Miller* court went on to hold that, once such a conflict in the evidence is created, the question of whether any prejudice actually accrued to the insurer becomes one for the trier of fact. 463 N.E.2d at 265, 266.

First of all, I do not find the fact that Anthony failed to demonstrate that the scene of the accident had not changed, that the witnesses were still available, or that their memories of the incident had not faded over the passage of time dispositive of the factual issue of whether Aetna was actually prejudiced by the passage of time. (Majority opinion p. 456) The police report of the accident is in evidence and frankly, I believe the fact that Bedell was an uninsured motorist at fault for causing the accident by failing to yield the right of way

to the semi-tractor trailer has never been the subject of serious dispute.

Moreover, I believe that absolutely no prejudice can be found to flow from the unavailability of the specific declaration sheets pertaining to Barbara's 1979 policy in effect at the time of the accident. Barbara had testified in her deposition that she thought she had $50,000.00 worth of uninsured motorist coverage under her Aetna policy and that she had never changed her uninsured motorist coverage during the life of the policy. In addition to its motion for summary judgment on the issue of the unreasonable delay in the provision of notice, Aetna moved for partial summary judgment requesting the trial court to find that Barbara's policy in effect at the time of the accident had uninsured motorist coverage limits in the amounts of Fifteen Thousand Dollars ($15,000.00) per person and Thirty Thousand Dollars ($30,000.00) per occurrence. In support of this motion, Aetna submitted the affidavit of Bruce F. Warner, Manager of the Underwriting Department for the Aetna Casualty and Surety Company's Personal Financial Security Division, which stated in pertinent part:

Attached hereto as Exhibit "A" is a true and accurate photocopy of a Claim and Underwriting Record of and concerning the Aetna insured Barbara J. Koenig for the specific time period January 24, 1981 to July 24, 1981 and of and concerning automobile insurance maintained by the insured, Barbara J. Koenig, with Aetna *which had an original effective date of January 24, 1977 and which included uninsured motorist coverage limits of liability in the amounts of Fifteen Thousand Dollars ($15,000.00 per person* and Thirty Thousand Dollars ($30,-000.00) per occurrence. After diligently searching the Aetna Underwriting Records *for records containing additional information as to the limits of uninsured motorist liability coverage that the insured, Barbara J. Koenig, had for the calendar years 1977 to 1980,* I have been unable to locate any other such additional information and/or records. (Emphasis added)

I do not think there can be any serious dispute but that Anthony had precisely $15,000.00 worth of uninsured motorist coverage in effect under his mother's Aetna automobile policy at the time of the accident. Certainly, there can be no serious dispute but that Anthony's injuries/damages far exceed these policy limits.

In conclusion, I simply do not believe that, under the designated facts most favorable to Anthony, we can decide as a matter of law that Aetna was actually prejudiced by the unreasonable delay in the provision of notice despite the presumption in Aetna's favor on this issue. I take seriously the admonition issued by the majority that summary judgment is inappropriate even if it appears that the non-moving party will not succeed at trial. (Majority opinion at p. 455 citing *Block v. Lake Mortgage Co., Inc.* (1992), Ind.App., 601 N.E.2d 449. Moreover, I am reminded that summary judgment is a lethal weapon and courts must be mindful of its aims and targets and beware of overkill in its use. *Mayhew v. Deister* (1969), 144 Ind.App. 111, 244 N.E.2d 448, *trans. denied.* Therefore, I would reverse and remand in order that the factual issue regarding whether Aetna was actually prejudiced by the unreasonable delay in the provision of notice be determined by the trier of fact.