ERIE INSURANCE EXCHANGE, Appellant–Plaintiff,

v.

Daryl STEPHENSON and Dawn M. Huser, Appellees–Defendants.

No. 32A01–9606–CV–207.

Court of Appeals of Indiana.

Dec. 30, 1996.

Patricia A. Douglass, Thomas M. Carusillo, Smith & Wade, Indianapolis, for Appellant–Plaintiff.

W.F. Conour, Rex E. Baker, Conour Doehrman, Indianapolis, for Appellee Dawn M. Huser.

Gary L. Wood, Danville, for Appellee Daryl Stephenson.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Erie Insurance Exchange ("Erie") appeals from the trial court's denial of its motion for summary judgment and from the court's grant of summary judgment in favor of Daryl Stephenson and Dawn Huser. This case arose when Huser was injured and filed a

lawsuit against Stephenson who resided on the property where the accident occurred. Erie, the insurer, denied coverage to Stephenson and brought a declaratory judgment action. Erie then moved for summary judgment and asserted that it owed no duty to defend or indemnify Stephenson because Stephenson was not an individual covered by the homeowner's insurance policy and because he had failed to comply with the policy's notice requirements. Both Stephenson and Huser filed cross-motions for summary judgment arguing that Erie was required to defend and indemnify Stephenson. The court denied Erie's motion and granted Stephenson's and Huser's motions.

We affirm in part, reverse in part and remand.

## ISSUES

Erie presents four issues for our review which we consolidate and restate as:

1. Whether Stephenson was an individual covered under the policy.

2. Whether Stephenson complied with the notice provision of the policy so as to require Erie to defend and indemnify him.[1]

## FACTS

In 1987, Stephenson moved into the home of his maternal grandmother ("Grandmother"), and Grandmother moved about one-fourth mile away into Stephenson's parents' home. The switch was made so that Stephenson's mother (Grandmother's daughter) could take better care of Grandmother who was in poor health. Stephenson paid the utility bills but did not pay rent. Grandmother maintained homeowner's insurance with Erie and paid real estate taxes on the property.

On July 4, 1990, Stephenson, then aged 23, was entertaining some friends at the residence. He laid bottle rockets on the street in front of the house and launched them horizontally in an attempt to shoot them between the legs of a friend who was standing some distance away. Huser, another friend who was then aged 16, joined in the

activity. Huser was struck in the eye with a bottle rocket and was injured.

On June 17, 1994, almost four years later and after Huser had reached the age of majority, she filed a lawsuit against Stephenson to recover for her injury. Stephenson forwarded the suit papers to Erie. This was the first notice that Erie had received of the accident.

## DISCUSSION AND DECISION

### Standard of Review

In reviewing a motion for summary judgment, this court applies the same standard as applied by the trial court. *Walling v. Appel Serv. Co.*, 641 N.E.2d 647, 648–49 (Ind.Ct. App.1994). Summary judgment shall be granted if "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). Neither the trial court, nor the reviewing court may look beyond the evidence specifically designated to the trial court. *Seufert v. RWB Med. Income Properties I Ltd. Partnership*, 649 N.E.2d 1070, 1072 (Ind.Ct.App.1995).

The construction of a written insurance contract is a question of law for which summary judgment is particularly appropriate. *Pennington v. American Family Ins. Group* 626 N.E.2d 461, 464 (Ind.Ct.App.1993). If the policy's language is clear and unambiguous, it should be given its plain and ordinary meaning. *Tate v. Secura Ins.* 587 N.E.2d 665, 668 (Ind.1992). However, where there is ambiguity, insurance policies are to be construed strictly against the insurer. *American States Ins. Co. v. Kiger*, 662 N.E.2d 945, 947 (Ind.1996). This rule is particularly true where a policy excludes coverage and is driven by the fact that the insurer drafts the policy and foists its terms upon the consumer. *Id.* "The insurance companies write the policies; we buy their forms or we do not buy insurance." *Id.* (quoting *American Economy Ins. Co. v. Liggett*, 426 N.E.2d 136, 142 (Ind.Ct.App.1981)).

---

1. Both Huser and Stephenson request attorney's fees in this action. We deny the requests.

### Issue One: Insurance Coverage

■ Erie first contends that Stephenson was not covered under Grandmother's homeowner's insurance policy. The relevant provision states that coverage is provided for certain residents of the homeowner's "household." [2] Specifically, Erie claims that coverage should be denied because Stephenson was no longer part of Grandmother's household as she had moved from the residence.

Initially, we note that "household" is not defined in the insurance contract. Citing *Allstate Insurance Co. v. Neumann*, 435 N.E.2d 591 (Ind.Ct.App.1982), Erie argues that Stephenson was not part of Grandmother's household because the two did not live under the same roof. In *Neumann*, we stated:

> A household *may* be defined as consisting of those who dwell under the same roof and compose a family; a domestic establishment. *Websters New International Dictionary, Unabridged,* 2nd Ed. The term has been said to be synonymous with "family" but broader, in that it includes servants or attendants; all who are under one domestic head.

*Id.* at 593–94 (emphasis added). There, we affirmed the trial court's conclusion that a houseguest/friend was not a member of the insured's household for purposes of coverage under an automobile liability policy. *Id.* at 594. Our decision in *Neumann* did not turn on the "under the same roof" meaning of "household," and we decline to interpret that case to have established a single, exclusive definition of the word. *See Kradjian v. American Mfrs. Mut. Ins. Co.*, 206 A.D.2d 801, 615 N.Y.S.2d 129, 130 (N.Y.App.Div. 1994) (courts traditionally have characterized "household" as ambiguous term "devoid of any fixed meaning") (citations omitted).

■ Instead, we agree with the decision of the New Jersey Supreme Court in *Mazzilli v. Accident & Casualty Insurance Co. of Winterthur, Switzerland,* 35 N.J. 1, 170 A.2d 800 (1961) which stated that:

**2.** The relevant provision states:
"anyone we protect" means you and the following residents of your household:

Household is not a word of art. Its meaning is not confined within certain commonly known and universally accepted limits. True, it is frequently used to designate persons related by marriage or blood, who dwell together as a family under a single roof. But it has been said also that members of a family need not in all cases reside under a common roof in order to be deemed a part of the household.

*Id.* 170 A.2d at 804 (citations omitted). As in *Mazzilli*, we conclude that there is no requirement that members of a household live under the same roof. *See id.* at 807. Thus, it is possible to maintain two households or to live as a member of one household and still be the "domestic head" of a separate household. If Erie had wanted to invoke the definition which it now espouses, it could have defined the word "household" in the policy. Without a definition, we strictly construe the term against Erie.

Here, Stephenson was a lineal descendant of Grandmother who purchased the insurance on her house. Stephenson lived in the house at all relevant times. Grandmother and Stephenson, functioning as members of the same family, traded places: Grandmother moved out of her house for health reasons and Stephenson moved in. Under these circumstances, we conclude that Stephenson was a member of Grandmother's household. We hold that Stephenson was an individual covered under the policy that Erie issued to Grandmother.

### Issue Two: Timely Notice of Claim

Erie also asserts that it had no duty to defend or indemnify Stephenson because he had failed to comply with the notice requirements of the policy. The insurance contract at issue contains two notice provisions. In a paragraph entitled "Your Duties After A Loss," the first notice requirement provides:

> When there is an accident or occurrence anyone we protect will:
>
>> (a) notify us or our Agent, in writing, *as soon as possible,* stating:
>>
>>> 1. your name and policy number;

(1) relatives and wards;
(2) other persons in the care of anyone we protect. . . .

2. the time, place, and circumstances of the accident or occurrence;

3. names and addresses of injured persons and witnesses.

Record at 167 (emphasis added). The second provision directs that "any papers that relate to the accident or occurrence" be forwarded to Erie "promptly." Neither party disputes that Stephenson fulfilled his duty under the second notice requirement. However, Erie argues that Stephenson did not notify the company of the accident as soon as possible pursuant to the first notice provision.

■ The notice requirement of an insurance policy is a material and essential part of the contract. *Miller v. Dilts*, 463 N.E.2d 257, 265 (Ind.1984). The duty to notify is a condition precedent to the insurance company's liability to its insured. *Id.* at 260–61. Where prejudice is created by the insured's noncompliance with the policy's provisions, the insurance company is relieved of its liability under the policy. *Id.* at 261.

■ We are first asked to determine whether Stephenson fulfilled his duty to provide notice as soon as possible after the accident or occurrence. The term "as soon as possible" has been defined as "notice within a reasonable time" after the accident or occurrence. *Shelter Mut. Ins. Co. v. Barron*, 615 N.E.2d 503, 507 (Ind.Ct.App.1993), *trans. denied.* When the facts are not in dispute, what constitutes reasonable notice is a question of law for the court to decide. *Id.*

In 1990, Huser was injured when a bottle rocket fired by Stephenson struck her in the eye. Nevertheless, Stephenson did not notify the insurance company until 1994, almost four years after the accident. In *Miller*, 463 N.E.2d 257, our supreme court considered the question of reasonable notice of an accident when it reviewed three cases, two of which dealt with initial notification to the insurer after an accident. In the first, *Indiana Insurance Co. v. Williams*, the insured caused an accident while driving under the influence of alcohol but did not give notice of the accident to his insurance company until approximately six months later when a lawsuit was filed against him. *Id.* at 259. In the second, *Miller v. Dilts*, an insured who crashed his father's car into a parked truck and struck a person standing nearby did not provide notice to the insurance company until over seven months later. *Id.* at 260. In both instances, the court held, in effect, that notice was unreasonable as a matter of law. *See id.* at 266 (vacating court of appeals decisions).

■ In 1993, our court interpreted a homeowner's policy provision which required the insured to provide notice "as soon as possible" in the event of bodily injury or property damage. *Shelter*, 615 N.E.2d at 506. The insured in *Shelter* informed the insurance company of the accident 22 months later. Our court surveyed cases in which delays shorter in duration were found unreasonable and concluded that the 22–month delay was also unreasonable as a matter of law. *Id.* at 507; *see Sutton v. Littlepage*, 669 N.E.2d 1019, 1023 (Ind.Ct.App.1996) (two-year delay in notification raised presumption of prejudice). Likewise, we conclude that Stephenson did not satisfy his duty under the policy to provide notice "as soon as possible" and that the four-year delay between the accident and Stephenson's notification of the accident was unreasonable as a matter of law.

■ Still, Stephenson argues that his notice to Erie was timely in that he did not expect Huser to hold him legally responsible for her injuries. However, the question is not whether Stephenson believed in 1990 that Huser would file suit against him or whether he was surprised when he was served with a complaint in 1994. The insurance company was entitled to notice as soon as possible after the accident regardless of whether Stephenson anticipated that a claim would be filed. *See Miller*, 463 N.E.2d at 262–63 (citing *Ohio Cas. Ins. Co. v. Rynearson*, 507 F.2d 573, 578–79 (7th Cir.1974)) (insurer entitled to prompt notice whether or not judgment defendant believed that claim of damages would arise).

■ Our inquiry does not end here. Even if Stephenson did not give reasonable notice, that failure will not bar recovery under the policy unless Erie suffers prejudice as a result of the delay. *See Miller*, 463

N.E.2d at 265–66; *see also Shelter,* 615 N.E.2d at 507. While Erie must show actual prejudice from Stephenson's unreasonable delay in providing notice about the accident, prejudice to Erie's ability to prepare an adequate ·defense can be presumed where, as here, there is an unreasonable delay in notification. *See Miller,* 463 N.E.2d at 265. The presumption simply means that if the delay in giving the required notice is unreasonable, the burden falls on the injured party or the insured to produce evidence that prejudice did not actually occur in the particular situation. *See id.* Thus, in this summary judgment action, it was incumbent upon Stephenson and Huser to set forth "some evidence" to rebut the presumption that Erie had suffered prejudice of its right to conduct a timely and adequate investigation. *See id.* As stated in *Miller:*

> Once such evidence is introduced, the question becomes one for the trier of fact to determine whether any prejudice actually existed. The insurance carrier in turn can present evidence in support of its claim of prejudice. Thus, both parties are able to put forth their respective positions in the legal arena.

*Id.* at 265–66.

 Here, Stephenson offered three "affidavits" to show that witnesses to the accident were available, but none of these documents meets the requirements of Indiana Trial Rule 56(E), and they cannot be considered for the purpose of summary judgment.[3] Nonetheless, Stephenson himself was a witness to the accident, and he recalled the incident in his deposition testimony. Stephenson also stated that he had located the three non-party witnesses to the accident and had spoken to each about testifying on his behalf. Huser, the plaintiff, is the only other witness. Stephenson continues to live on the property where the accident occurred, which enables inspection of the area, and there is nothing to suggest that the passage of time would have affected the physical features of the accident scene. Further, the basic fact that Stephenson fired a bottle rocket that struck Huser in the eye is not in dispute.

While Stephenson and Huser have not provided sufficient evidence to rebut the presumption of prejudice as a matter of law, they have set forth some evidence to rebut the presumption that Erie was prejudiced by the unreasonable delay, namely, that all witnesses have been located. *See id.* at 265. It is well-established that in considering a motion for summary judgment, we must liberally construe all designated evidentiary material in favor of the non-moving party and we resolve any doubt against the moving party. *Koenig v. Bedell,* 601 N.E.2d 453, 454–55 (Ind.Ct.App.1992). Even if it appears that the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. *Id.* at 455. Thus, the question becomes one for the trier of fact to determine whether Erie has actually suffered any prejudice. *Id.* at 265–66; *see, e.g., Colonial Penn Ins. Co. v. Guzorek,* 669 N.E.2d 1042, 1050 (Ind.Ct.App.1996) (evidence that accident scene had not changed since accident, that witnesses were alive and able to testify, and that two parties involved in accident had given depositions raised question for trier of fact to determine whether prejudice actually existed). That includes, for example, determining whether the witnesses are, in fact, available to testify and whether they have sufficient recollection of the accident so as to permit Erie to perform a meaningful investigation of Huser's claim. *See Miller,* 463 N.E.2d at 265–66; *Koenig,* 601 N.E.2d at 456.

In sum, Stephenson failed to satisfy his duty to give the insurer notice as soon as possible, and the four-year delay between the accident and notification of the accident was unreasonable as a matter of law. Prejudice to Erie is presumed. However, Stephenson

---

3. Supporting and opposing affidavits must "set forth such facts as would be admissible in evidence." Ind. Trial Rule 56(E); *Tannehill by Podgorski v. Reddy,* 633 N.E.2d 318, 321 (Ind.Ct. App.1994), *trans. denied.* The first document is inadmissible because it does not indicate that the written statement was made under oath. The second document likewise fails to indicate that it was made under oath, and it contains no legible signature. The third submission was sworn to before a Notary but relies upon inadmissible hearsay, which we may not consider. *See Spier by Spier v. City of Plymouth,* 593 N.E.2d 1255, 1260 (Ind.Ct.App.1992), *trans. denied.*

and Huser have specifically designated undisputed facts that lead to conflicting inferences regarding Erie's duty to defend and indemnify. Whether Erie was actually prejudiced by the delay presents a genuine issue of material fact. Accordingly, summary judgment in favor of Stephenson and Huser was improperly granted. We affirm the trial court's denial of Erie's motion for summary judgment, reverse the court's entry of summary judgment in favor of Stephenson and Huser, and remand for proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part and remanded.

SULLIVAN, J., concurs.

ROBERTSON, J., concurs in part and dissents in part with separate opinion.

ROBERTSON, Judge, concurring in part and dissenting in part.

I concur in part and dissent in part. I agree that Daryl is a member of his grandmother's household and is therefore covered under her homeowner's policy. With respect to Issue II, I agree with the majority that the issue of whether Erie was actually prejudiced by the delay represents a genuine issue of material fact which must be submitted to the finder of fact. I disagree, however, with the determination that the four year delay was unreasonable as a matter of law. Whether a given delay is unreasonable depends upon the purpose for which notice is given and the circumstances of the case. *Miller v. Dilts,* 463 N.E.2d 257, 263 (Ind. 1984). The purpose of the notice requirement was to give Erie a timely opportunity to investigate the accident and prepare a defense for Daryl—not simply to provide a basis for Erie to avoid its obligations under the policy. One circumstance contributing to the delay in this case was the fact that Huser was a minor when injured and therefore had a longer period in which to initiate her lawsuit—a matter beyond Stephenson's or Erie's control. Therefore, as remand for trial is required anyway, I believe the issue of the reasonableness of the delay as a component of the larger issue of whether Erie was actu-

ally prejudiced should also be submitted to the finder of fact.