

**FILED**

Feb 16 2016, 10:50 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

J. Thomas Vetne
Brian R. Gates
Jones Obenchain, LLP
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Tara M. Worthley
Steven L. Langer
Langer and Langer
Valparaiso, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Secura Supreme Insurance Company, Tim O'Brien, and Sandra O'Brien, *Appellants-Defendants,* v. Diana Johnson, *Appellee-Plaintiff.* | February 16, 2016 Court of Appeals Case No. 64A03-1503-PL-83 Appeal from the Porter Superior Court Trial Court Cause No. 64D05-1311-PL-10467 The Honorable Mary R. Harper, Judge |

**Pyle, Judge.**

[1] Secura Supreme Insurance Company and its insureds, Tim and Sandra O'Brien ("the O'Briens"), (collectively "Secura") appeal the trial court's denial of their motion for summary judgment and the grant of summary judgment in favor of Diana Johnson ("Johnson") in her lawsuit seeking a declaratory judgment that Nicole Alarid ("Alarid") was an "insured" under the O'Briens' homeowners

insurance policy. Prior to seeking a declaratory judgment, Johnson had sued Alarid and the O'Briens for injuries arising out Alarid's dog attacking Johnson and her dogs.

[2] On appeal, Secura claims that it was entitled to summary judgment as a matter of law because Alarid is not an "insured" under the O'Briens' insurance contract. Specifically, Secura argues that Alarid was not a "resident" of the O'Briens' "household," thus their insurance does not provide coverage for her. Here, the insurance contract did not specifically define the terms "resident" and "household." Concluding that the lack of definition in the policy for the terms "resident" and "household" make the terms ambiguous and therefore subject to different and reasonable interpretations, the issue of whether Alarid was an "insured" under the Secura policy was a genuine issue of material fact precluding summary judgment in favor of either party. Accordingly, we affirm the denial of summary judgment to Secura, reverse the grant of summary judgment in favor of Johnson, and remand to the trial court for further proceedings.

[3] We affirm in part, reverse in part, and remand.

## Issue

Whether the trial court erred in denying summary judgment to Secura and granting summary judgment in favor of Johnson.

# Facts

[4] The O'Briens lived in a house in Hobart ("the Hobart house") but purchased a house in Valparaiso ("the Valparaiso house") in 2009. After purchasing the Valparaiso house, the O'Briens added it to their insurance policy as a secondary residence and extended the personal liability coverage to the Valparaiso house. The O'Briens also used the Valparaiso house address to send their children to Union Township schools, intending to move into Union Township after selling their house in Hobart.

[5] Around May 2010, the Hobart house had not yet sold, and the O'Briens rented the Valparaiso house to Alarid, Sandra's sister, while continuing to use the address to send their children to Union Township schools. Alarid kept two dogs at the Valparaiso house. On May 26, 2010, one of the dogs crawled under a chain-link fence in the backyard and attacked Johnson while she was walking her dogs in her neighbor's yard. Johnson and her dogs suffered serious injuries.

[6] On January 10, 2012, Johnson filed a complaint against Alarid and the O'Briens arising out of the injuries she and her dogs had suffered on May 26, 2010. On November 19, 2013, Johnson filed a separate complaint seeking a declaratory judgment that Alarid was an "insured" under the O'Briens' homeowners policy insuring the Valparaiso house.

[7] In relevant part, the O'Briens' homeowners insurance contract defined "insured" as follows:

**5.** *Insured* means:

    a. You and residents of your household who are;

        (1) Your relatives; or

        (2) Other persons under the age of 21 and in the care of any person named above;

    b. A student who is a relative and enrolled in school full[-]time, as defined by the school, who was a resident of your household before moving out to attend school. This definition does not include students:

    (1) Who are emancipated students;

    (2) Who receive no financial support from an insured; or

    (3) Who have established residence elsewhere.

(App. Vol. I 99-100). The policy did not define "resident" or "household."

[8]    On May 27, 2014, Secura filed a motion for summary judgment, arguing that Alarid was not an "insured" under the insurance policy because she rented a house owned by the O'Briens and was not a member of their household. On June 26, 2014, Johnson filed a response to Secura's motion and a cross-motion for summary judgment. In her response and motion, Johnson argued that because the insurance policy did not define the term "household," the insurance contract should be strictly construed against Secura, and Alarid should be declared an "insured" as a matter of law. Alternatively, Secura requested that the trial court "determine those facts that exist without substantial controversy, and those facts that are actually disputed in good faith," while Johnson

requested that summary judgment be denied to all parties if the ultimate issue was a mixed question of law and fact. (App. Vol. I 25).

[9] On February 5, 2015, the trial court entered an order denying summary judgment in favor of Secura and granting it in favor of Johnson. Secura did not define the term "household," so the trial court used Indiana common law to supply the definition. Because of the broad definitions of "resident" and "household" under Indiana common law, the trial court ultimately concluded that Alarid could be considered a resident of the O'Briens' household because the Valparaiso house served as an extension of their primary residence and she was a relative. Secura now appeals.[1]

# Decision

[10] Secura appeals the trial court's grant of summary judgment declaring Alarid an "insured" under the O'Briens' homeowners insurance policy and the denial of its motion for summary judgment.

[11] We review summary judgment *de novo*, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Summary judgment is appropriate only where the designated evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to

---

[1] We direct Secura's counsel's attention to Ind. Appellate Rule 43(G) regarding the margins for briefs. Appellate counsel should not manipulate margins to reach or stay within page limits, giving the collegiate impression of quantity over quality.

judgment as a matter of law." Ind. Trial Rule 56(C). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). On review, we may affirm a grant of summary judgment on any grounds supported by the designated evidence. *Catt v. Bd. of Com'rs of Knox Cnty.*, 779 N.E.2d 1, 3 (Ind. 2002).

[12] The moving party "bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Gill v. Evansville Sheet Metal Work, Inc.*, 970 N.E.2d 633, 637 (Ind. 2012). If the moving party meets this burden, the non-moving party must designate evidence demonstrating a genuine issue of material fact. *Id.* "[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." T.R. 56(E).

[13] "Just as the trial court does, we resolve all questions and view all evidence in the light most favorable to the non-moving party, so as to not improperly deny him his day in court." *Alldredge v. Good Samaritan Home, Inc.*, 9 N.E.3d 1257, 1259 (Ind. 2014) (internal citations omitted). We "consciously err[] on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims." *Hughley*, 15 N.E.3d at 1004. Where, as here,

cross-motions for summary judgment were filed, our standard of review does not change. *Mahan v. Am. Standard Ins. Co.*, 862 N.E.2d 669, 676 (Ind. Ct. App. 2007), *trans. denied*. "Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Id*.

[14] This case involves the interpretation of an insurance contract, which is subject to the same rules of construction as any other contract. *Jackson v. Jones*, 804 N.E.2d 155, 158 (Ind. Ct. App. 2004). Generally, the construction of a written contract is a question of law for the trial court, in which summary judgment is particularly appropriate. *Mid State Bank v. 84 Lumber Co.*, 629 N.E.2d 909, 914 (Ind. Ct. App. 1994). However, if the terms of a written contract are ambiguous, it is the responsibility of the jury to ascertain the facts necessary to construe the contract. *Id*. Consequently, when summary judgment is granted based upon the construction of a written contract, the trial court has either determined as a matter of law that the contract is not ambiguous or uncertain, or that the contract ambiguity, if one exists, can be resolved without the aid of a factual determination. *Id*.

[15] Here, the insurance contract does not define the terms "resident" or "household," and, on their face, the terms do not appear to be ambiguous. When, as here, the parties leave contract terms undefined, we apply Indiana common law to determine their meaning. *Jones v. Western Reserve Group/Lighting Rod Mut. Ins. Co.*, 699 N.E.2d 711, 714 (Ind. Ct. App. 1998), *reh'g. denied*, *trans. denied*.

[16] As a general principle, "resident" has no fixed or precise meaning in the law. *Id.* In determining residency status under an automobile liability insurance contract, established case law has developed a three-fold test: 1) whether the claimant maintained a physical presence in the insured's home; 2) whether the claimant had the subjective intent to reside there; and 3) the nature of the claimant's access to the insured's home and its contents. *See, e.g.*, *Ind. Farmers Mut. Ins. Group v. Blaskie*, 727 N.E.2d 13, 15 (Ind. Ct. App. 2000). We have applied this test to determine residency status in personal liability cases as well. *Ind. Farmers Mut. Ins. Co. v. Imel*, 817 N.E.2d 299, 304 (Ind. Ct. App. 2004). Likewise, we have found that the term "household" does not require people to live under the same roof. *Erie Ins. Exchange v. Stephenson*, 674 N.E.2d 607, 610 (Ind. Ct. App. 1996). Thus, it is possible to maintain two households or to live as a member of one household and still be the "domestic head" of a separate household. *Id.*

[17] There is no dispute from the designated evidence that Alarid was a resident of the Valparaiso house, as Alarid rented and lived in the O'Briens' Valparaiso house. The ultimate issue was whether the Valparaiso house is an extension of the O'Briens' household, thus making an Alarid an insured under the insurance policy.

**1. Secura's Motion for Summary Judgment**

[18] Secura argues that Alarid was not an "insured" under the insurance policy because she was not a resident of the O'Briens' household. Secura acknowledges that the term "household" does not require members of the same

household to live under one roof per our opinion in *Stephenson*. Instead, Secura essentially asks us to adopt a requirement that members of a household have some dependent relationship. Secura relies on *State Farm Fire and Cas. Co. v. Ewing*, 269 F.3d 888, 892 (8th Cir. 2001), which mentioned our opinion in *Stephenson*, in support of this proposition. We decline to do so.

[19] When we decided *Stephenson*, we refused to establish a "single, exclusive definition of the word 'household.'" *Stephenson*, 674 N.E.2d at 610. Rather, we held that if the insurance company wanted to define "household" as members of a family dwelling under the same roof, it could have defined the term as such in the policy. *Id.* Likewise, if Secura wanted to require members of a household to depend on each other in some fashion, it should have defined the term in that manner. Secura also relies on a case from Illinois, *State Farm Fire and Case Co. v. Martinez*, 893 N.E.2d 975 (Ill. App. Ct. 2008), in support of their claim that Alarid is not a resident of the O'Briens' household. However, their reliance on *Martinez* is also misplaced because the court's decision in that case relied upon precedent holding that "household" is synonymous with a family living under the same roof. *Id.* at 981. Accordingly, Secura has not shown, as a matter of law, that Alarid is not a member of the O'Briens' household, and the trial court did not err in denying their motion for summary judgment.

## 2. Johnson's Motion for Summary Judgment

[20] Turning to Johnson's motion for summary judgment, she claims that she is entitled to summary judgment because, as a matter of law, ambiguous terms in an insurance contract are construed against the insurer.

[21]   Clear and unambiguous language in insurance policy contracts, like other contracts, should be given its plain and ordinary meaning. *Cinergy Corp. v. Associated Elec. & Gas Ins. Services, Ltd.,* 865 N.E.2d 571, 574 (Ind. 2007) (citing *Allstate Ins. Co. V. Dana Corp.*, 759 N.E.2d 1049, 1054 (Ind. 2001)). But, where the policy language is ambiguous, insurance contracts are to be construed strictly against the insurer and the language must be viewed from the standpoint of the insured. *Dana II.* 759 N.E.2d at 1056. Thus, ambiguous terms will be construed in favor of the insured, but for purposes of summary judgment, only if the ambiguity exists by reason of the language used *and not because of extrinsic facts. Cinergy I*, 865 N.E.2d at 574. (emphasis added).

[22]   Here, the extrinsic facts of the case caused the ambiguity. The insurance contract designated the Valparaiso house as a "SECONDARY RESIDENCE PREMISES" and extended the personal liability policy limits to the Valparaiso house from the Hobart house. (App. Vol. I 79) In addition, the O'Briens used the address on the Valparaiso house to enroll their children in Union Township schools even after renting the house to Alarid. These extrinsic facts allow for the possibility that the O'Briens' household extends from the Hobart house to the Valparaiso house. However, a fact-finder could also conclude that a landlord-tenant relationship is incompatible with being a member of a household. Essentially, the undisputed material facts here establish nothing as a matter of law, making the question of whether Alarid is a resident of the O'Briens' household a genuine issue of material fact.

Indiana's common law treatment of the term "household" and Secura's failure to define the term in the contract allow for conflicting reasonable inferences from the undisputed material facts, precluding summary judgment in favor of Secura or Johnson. *See, e.g.*, *Jones*, 699 N.E.2d at 717 (reasonable minds could differ as to inferences supported by the undisputed facts and question of fact existed regarding whether plaintiff was a resident of a household at the time of her accident). Accordingly, we affirm the trial court's denial of summary judgment to Secura, reverse the grant of summary judgment in favor of Johnson, and remand to the trial court for further proceedings.

Affirmed in part, reversed in part, and remanded.

Vaidik, C.J., and Robb, J., concur.