FRED GAWRYK, Indiv. and On Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—04—0388

Opinion filed February 16, 2005.

Krislov & Associates, of Chicago (Clinton A. Krislov and Kenneth T. Goldstein, of counsel), for appellant.

Burke, Burns & Pinelli, of Chicago (Mary P. Burns and Vincent Pinelli, of counsel), for appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Fred Gawryk, individually, and on behalf of all others similarly situated, brought this action against the defendants, the Firemen's Annuity and Benefit Fund of Chicago (Fund) and the members of the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago (Retirement Board), seeking declaratory and injunctive relief after he was found ineligible to vote in an election for the office of the annuitant or pensioner member of the Retirement Board. On cross-motions for summary judgment, the circuit court granted judgment for the defendants on the basis that the plaintiff was not an "annuitant" eligible to vote for purposes of section 6—175 of the Illinois Pension Code (the Pension Code) (40 ILCS 5/6—175 (West 2000)). The plaintiff now appeals and, for the reasons that follow, we affirm.

The facts giving rise to this litigation are substantially undisputed. The plaintiff worked as a firefighter for the Chicago fire department for 20 years. During his employment, the plaintiff participated in the Fund, which operates under Article 6 of the Pension Code (40 ILCS 5/6—101 *et seq.* (West 2000)). Pursuant to the statute, the Retirement Board administers the provisions of Article 6 and is comprised of eight

members, including an "annuitant of the fund or a fireman pensioner of any prior firemen's pension fund in operation." See 40 ILCS 5/6—174 (West 2000).

On September 7, 1999, the plaintiff, at age 41, retired from his service as a firefighter. He is not, however, eligible to begin receiving retirement annuity payments until June 26, 2008, upon turning 50 years of age. See 40 ILCS 5/6—126 (West 2000). In July 2001, the Retirement Board announced that it would be holding an election to fill a vacancy in the office of the annuitant or pensioner member of the board. In a letter dated October 4, 2001, directed to the members of the Retirement Board, the plaintiff requested a ballot to vote in the upcoming election. He stated that, although he was not currently an active member or eligible to receive annuity payments until June 2008, he had a "vested interest" in the election by virtue of his participation in the Fund. The election commission chairman informed the plaintiff, by letter dated October 8, 2001, that he was ineligible to vote in the election because he was not currently a "pensioner or annuitant member," as required by section 6—175 of the Pension Code (40 ILCS 5/6—175 (West 2000)).

The day after the election, the plaintiff, individually, and on behalf of all other retired Chicago firefighters similarly situated, filed a three-count class action complaint against the Fund and the members of the Retirement Board (defendants) seeking declaratory and injunctive relief. In count I of his complaint, the plaintiff alleged that, by denying his right to vote in the election, the defendants deprived him of his due process rights in violation of 42 U.S.C. § 1983 (2000). In count II, he alleged that the defendants breached their fiduciary duty by failing to ensure that the beneficiaries of the Fund were not being denied their rights and benefits, namely, their right to vote in an election. In count III, the plaintiff sought to "enjoin the defendants' violation of section 175 of the Act."

Also on October 17, 2001, the plaintiff filed an emergency motion seeking a temporary restraining order (TRO) enjoining the Fund from certifying the results of the election and the issuance of a preliminary injunction ordering the Fund to conduct a new election in which the plaintiff and all other class members would be allowed to vote. The circuit court denied the plaintiff's request for a TRO, and this court subsequently affirmed its decision. *Gawryk v. Firemen's Annuity & Benefit Fund*, No. 1—01—3769 (2001) (unpublished order under Supreme Court Rule 23).

Thereafter, the parties filed cross-motions for summary judgment. The defendants argued in their motion that, at the time of the election, the plaintiff was not an "annuitant" for purposes of section

6—175 of the Pension Code and, therefore, had no right to vote in the election. The plaintiff, on the other hand, argued that he was an "annuitant" because he participated in the Fund and, having retired from his service as a fireman, was now a "vested member" in the Fund and entitled to receive annuity payments.

On January 9, 2004, the circuit court entered an order granting the defendants' motion for summary judgment and denying the plaintiff's cross-motion. The court entered judgment on all counts of the complaint based on its finding that the plaintiff was not currently receiving or eligible to receive annuity payments and was, therefore, not an "annuitant" pursuant to section 6—175 of the Pension Code. We are now asked to consider this same question on appeal.

Summary judgment is appropriate where the pleadings, depositions, admissions, and affidavits on file, when taken together in the light most favorable to the nonmovant, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2000). Where the parties have filed cross-motions for summary judgment, they agree that no genuine issue as to any material fact exists and that only a question of law is involved, and they invite the court to decide the issues based on the record. *Tri-State Coach Lines, Inc. v. Metropolitan Pier & Exposition Authority*, 315 Ill. App. 3d 179, 189, 732 N.E.2d 1137 (2000). Our review of the circuit court's ruling on a motion for summary judgment is *de novo. Morris v. Margulis*, 197 Ill. 2d 28, 35, 754 N.E.2d 314 (2001).

■ Article 6 of the Pension Code requires the creation of a firemen's annuity and benefit fund in cities with populations greater than 500,000. 40 ILCS 5/6—101 (West 2000). Money in the fund is used to pay certain benefits, including retirement annuities, to persons who qualify under the statute. The board of trustees (Retirement Board) administers the provisions of Article 6 for the members of the fund (40 ILCS 5/6—174 (West 2000)) and is comprised of the following eight members: the city treasurer; the city comptroller; the city clerk; a deputy fire commissioner designated by the fire commissioner of the city; three firemen employed by the city; and, relevant for purposes of this appeal, an "annuitant of the fund or a fireman pensioner of any prior firemen's pension fund in operation." 40 ILCS 5/6—174 (West 2000).

■ Elections for the annuitant or pensioner member of the Retirement Board are held biennially. 40 ILCS 5/6—174(b) (West 2000). With respect to which individuals are entitled to vote at the election, section 6—175 states as follows:

"At any election for the pensioner or annuitant member, *all an-*

*nuitants and pensioners* (except children less than age 18) and the legal guardian of any child annuitant or child pensioner whose mother or stepmother shall not be an annuitant or pensioner, shall have a right to vote." (Emphasis added.) 40 ILCS 5/6—175 (West 2000).

Section 6—175 makes clear that only annuitants and pensioners are allowed to vote at an election for the pensioner or annuitant member of the Retirement Board. Article 6, however, does not define the term "annuitant."

The plaintiff contends that he is an "annuitant" for purposes of section 6—175 of the Pension Code and was, therefore, entitled to vote in the election. He argues that, although the term is not defined, we must construe the term liberally and in a manner that benefits "the contributors to the Fund." To this end, the plaintiff asserts that the common meaning of the term "annuitant" is any party, such as himself, who is entitled to receive annuity payments. The plaintiff maintains that he meets this definition because he retired pursuant to sections 6—126 and 6—128 of the Pension Code, which allows a firefighter, who has completed 20 or more years of service, to retire before turning 50 and entitles him to begin receiving annuity payments upon turning 50. 40 ILCS 5/6—126, 6—128 (West 2000). According to the plaintiff, having contributed to the Fund and retired early, he is now "vested in the Fund" and entitled to receive annuity payments.

The defendants, on the other hand, argue that the term "annuitant" should be construed to mean one in actual receipt of, not merely entitled to receive, annuity payments. As such, they maintain that the plaintiff is not an "annuitant" because, by his own admission, he will not begin receiving annuity payments from the Fund until he turns 50, which will not occur until the year 2008.

■ The controlling principles of statutory construction are well established. The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 421, 781 N.E.2d 249 (2002). The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning. *Land*, 202 Ill. 2d at 421. Where the language of a statute is clear and unambiguous, a court must give it effect as written, without reading into it exceptions, limitations, or conditions that the legislature did not express. *Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 184-85, 710 N.E.2d 399 (1999). Further, our supreme court has recognized that pension laws are beneficial in nature and should be liberally construed in favor of those intended to be benefitted. *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund of*

*Chicago*, 95 Ill. 2d 211, 217, 447 N.E.2d 394 (1983); *Shields v. Judges' Retirement System of Illinois*, 204 Ill. 2d 488, 494, 791 N.E.2d 516 (2003). However, this canon of construction is not without limitation. The supreme court in *Robbins v. Board of Trustees of the Carbondale Police Pension Fund*, 177 Ill. 2d 533, 545, 687 N.E.2d 39 (1997), quoting *Sup v. Cervenka*, 331 Ill. 459, 463 (1928), stated:

> " '[W]hile a pension act should be liberally construed to effect the object sought to be accomplished, yet if the legislative intention is obvious from the language used that intention must be made effective, and the judiciary will not be warranted in giving the act a meaning not expressed in it.' "

The general definition of "annuitant" found in the dictionary is "one that receives benefits or payments from an annuity or that is entitled to receive such benefits." Webster's Third New International Dictionary 88 (1981). Black's Law Dictionary defines "annuitant" as "[t]he party entitled to receive payments from an annuity contract." Black's Law Dictionary 90 (6th ed. 1990). The defendants point out that the legislature has consistently defined the term in other statutes including several provisions of the Pension Code. See, *e.g.*, Voluntary Payroll Deductions Act of 1983 (5 ILCS 340/3(f) (West 2000)) ("State annuitant" defined as a person "receiving an annuity or disability benefit"); State Salary and Annuity Withholding Act (5 ILCS 365/2 (West 2000)) ("annuitant" defined as a person "receiving a retirement annuity or disability benefits"); Pension Code governing General Assembly Retirement System (40 ILCS 5/2—112 (West 2000)) and Judges Retirement System of Illinois (40 ILCS 5/18—114 (West 2000)) ("annuitant" defined as a person "receiving a retirement annuity or survivor's annuity"); Pension Code governing Illinois Municipal Retirement Fund (40 ILCS 5/7—117 (West 2000)) ("annuitant" defined as a person "receiving an annuity from this fund"); Pension Code governing State Employees' Retirement System of Illinois (40 ILCS 5/14—103.07 (West 2000)) ("annuitant" defined as a person "receiving a retirement annuity under this Article"); and Pension Code governing State Universities Retirement System (40 ILCS 5/15— 119 (West 2000)) ("annuitant" defined as a person "receiving a retirement, reversionary, survivors or beneficiary annuity or disability retirement annuity from this System"); see also Pension Code governing Policemen's Annuity and Benefit Fund in cities over 500,000 (40 ILCS 5/5—167.5 (West Supp. 2003)); Municipal Employees', Officers', and Officials' Annuity and Benefit Fund in cities over 500,000 (40 ILCS 5/8—164.1 (West Supp. 2003)); and Laborers' and Retirement Board Employees' Annuity and Benefit Fund in cities over 500,000 (40 ILCS 5/11—160.1(a) (West Supp. 2003)) ("city annuitant" defined as a

person "receiving an age and service annuity, a widow's annuity, a child's annuity, or a minimum annuity").

It is clear that the legislature has consistently defined the term "annuitant" as one who is actually receiving, not merely expecting, an annuity. The plaintiff concedes that he is not entitled to receive annuity payments until he turns 50, which will not occur until June 2008. He argues, however, that the circuit court's construction of the term "annuitant" fails to take into account Article 4 of the Pension Code, which he refers to as the "sister statute" to Article 6.

Article 4 governs firefighters' pension funds in municipalities with populations less than 500,000. Similar to Article 6, Article 4 provides for the creation of a board of trustees for the fund. 40 ILCS 5/4—121 (West 2000). With respect to elections, section 4—121 allows for "deferred pensioners," in certain circumstances, to vote in the elections for the board of trustees. Specifically, section 4—121 states as follows:

> "If the regularly constituted fire department of a municipality is dissolved and Section 4—106.1 is not applicable, the board shall continue to exist and administer the Fund so long as there continues to be any annuitant or deferred pensioner in the Fund. In such cases, elections shall continue to be held as specified in this Section, except that: (1) deferred pensioners shall be deemed to be active members for the purposes of such elections ***." 40 ILCS 5/4—121 (West 2000).

A "deferred pensioner" is defined in the statute as "a firefighter who has retired having accumulated enough creditable service to qualify for a pension under this Article but who has not attained the required age for commencement of the pension." 40 ILCS 5/4—105a (West 2000).

Relying on section 4—121 of the Pension Code, the plaintiff asserts that "Article 6 implicitly creates a deferred pensioner provision when the two provisions (election provision and early retirement provision) are read as a whole." The plaintiff maintains that his status is akin to a "deferred pensioner" as defined in section 4—105a and he should likewise be deemed eligible to vote in the election. We disagree. The legislature specifically allowed "deferred pensioners" in municipalities with populations under 500,000 to vote as active members in elections. There is no similar provision for retired firemen in cities with populations over 500,000. Had the legislature wanted to allow retired firemen governed by Article 6 to vote as active members in elections, it would have explicitly stated so, as it did in section 4—121 of the Pension Code. The legislature's failure to include such a provision in Article 6 indicates that it did not intend to allow retired

firemen, such as the plaintiff, to vote as active members in an election. As our supreme court has stated:

"There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports, and a court is not at liberty to depart from the plain language of a statute by reading into it exceptions, limitations or conditions that the legislature did not express." *Kunkel v. Walton*, 179 Ill. 2d 519, 534, 689 N.E.2d 1047 (1997).

■ Based on the clear language of section 6—175 and the legislature's consistent definition of the term "annuitant" in the statutes including other provisions of the Pension Code, we conclude that the plaintiff was not an "annuitant" for purposes of section 6—175 and was, therefore, ineligible to vote in the election. The plaintiff's remaining arguments on appeal, namely, that the defendants operated the election in violation of 42 U.S.C. § 1983 (2000) and that their actions constituted a breach of fiduciary duty, are premised on his contention that he had a right to vote in the election. Having answered the latter question in the negative, his remaining arguments also fail.

■ As a final matter, we note that the plaintiff also appeals from the circuit court's May 7, 2003, order staying his motion for class certification, which is not contained in the record on appeal. Although the plaintiff prays that this case be remanded for purposes of class certification, he fails to provide any specific argument in support thereof. Points not argued are waived on appeal. 188 Ill. 2d R. 341(e)(7). Having elected not to provide any argument challenging the court's order, the plaintiff has waived this point on appeal. Waiver aside, any argument as to class certification is rendered moot in light of our finding that the plaintiff was ineligible to vote in the election.

For the foregoing reasons, we find that the circuit court properly granted summary judgment in favor of the defendants and denied summary judgment in favor of the plaintiff. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HARTMAN and SOUTH, JJ., concur.