Second Division
August 5, 2008

No. 1-06-1902

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | No. 05 CH 3422 |
| | ) | |
| | ) | |
| MARCELO MARTINEZ, Father and Next | ) | |
| Friend of Daniela Almendarez, | ) | Honorable |
| | ) | Martin S. Agran |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HALL delivered the opinion of the court:

In underlying action, Humbelina Flores and her husband Aurelio Flores sought insurance coverage for a personal injury action under a homeowners insurance policy that State Farm Fire & Casualty Company (State Farm) issued to Martin Torres and his wife Maria Torres. State Farm filed this declaratory judgment action contending that the Floreses are not covered under the Torreses' homeowners policy because under the terms of the policy they do not qualify as insureds since they are not residents of the Torreses' "household" as that term is defined in the case law. We agree.

The facts surrounding this controversy are as follows. On November 26, 2002, Marcelo Martinez commenced the underlying personal injury action against Humbelina Flores, Maria Torres, and her husband Martin Torres, seeking damages for injuries his minor daughter Daniela Almendarez suffered when she was bitten by a dog owned by the Floreses while a guest in their home. The

home is located at 2109 South 50th Avenue, in Cicero, Illinois, and was insured under a homeowners insurance policy that State Farm issued to Martin and Maria Torres.

According to the declarations, State Farm issued a homeowners policy to its named insureds, Martin and Maria Torres, effective between August 13, 2001, and August 13, 2002, providing a $100,000 liability limit for each occurrence and identifying a mailing address of 2109 South 50th Avenue, in Cicero, Illinois.

The Torreses held legal title to the home but had never lived in the home. They actually lived at a separate address located at 3628 57th Avenue, in Cicero, Illinois. The Torreses agreed to take legal title to the home to assist Humbelina in purchasing the home because her credit was bad. Maria Torres and Humbelina Flores are blood sisters.

On December 30, 2002, State Farm agreed to provide Humbelina with a defense in the underlying personal injury action subject to a reservation of rights. The ground for the reservation was that there was a question as to whether Humbelina qualified as an insured under the Torreses' homeowners policy.

On the same date, State farm also agreed to provide Maria and Martin Torres with a defense in the underlying personal injury action subject to a reservation of rights. One of the grounds for the reservation was that there was a question as to whether the home where the dog-bite incident occurred qualified as a "residence premises" or an "insured location" under the

policy.

In her answer to the personal injury complaint, Humbelina acknowledged owning the dog, but denied all allegations of wrongdoing. In their answer to the complaint, the Torreses admitted they owned the home where the incident occurred but denied owning the dog and denied all allegations of wrongdoing.

Shortly thereafter, on February 7, 2003, State Farm verbally declined to accept Humbelina's tender of defense. This decision was subsequently confirmed in a letter dated February 11, 2003, that State Farm sent to Humbelina's attorney.

The parties then proceeded to take pretrial discovery depositions. At his discovery deposition, Martin Torres testified that since Humbelina had a poor credit rating, he and his wife agreed to help her purchase the home where the incident occurred.

According to Martin Torres, Humbelina provided the down payment for purchase of the home while he and his wife took joint legal title to the home with the intention of eventually conveying it to Humbelina. Martin Torres also stated that he and his wife never lived or intended to live in the home and had allowed the Floreses to live there rent-free because they were family.

Martin Torres testified that the Floreses had been living in the home for about eight years and were responsible for maintaining the property. Humbelina made all the mortgage

payments to the bank.

Martin Torres claimed that he and his wife transferred the home to Humbelina about a year prior to his discovery deposition. According to Martin Torres, he and his wife did not receive any consideration for the transfer.

Martin Torres further testified that at the time he obtained the homeowners insurance policy for the home, he did not tell State Farm that his sister-in-law and her family would be living in the home. Maria Torres' discovery deposition testimony was similar to her husband's testimony.

Shortly after giving their discovery depositions, the Torreses obtained summary judgment in their favor on all claims asserted against them in the personal injury complaint. On September 21, 2004, Marcelo Martinez filed an amended complaint on behalf of his daughter, naming the Floreses as the only defendants.

On or about October 27, 2004, the underlying personal injury action was dismissed with prejudice pursuant to a settlement agreement. Under the agreement, the Floreses consented to a judgment against them in the amount of $150,000, along with an assignment to Marcelo Martinez of any right of recovery against State Farm. In return, Marcelo Martinez agreed to release the Floreses, and he covenanted not to execute the judgment against their personal assets but to satisfy the judgment out of the proceeds of the Torreses' homeowners insurance policy.

State Farm then filed the instant declaratory judgment action on February 22, 2005, seeking a determination that it was not contractually obligated to provide a defense or insurance coverage to the Floreses in the underlying personal injury action because neither of them qualified as an insured under the Torreses' homeowners insurance policy.  On April 14, 2005, State Farm filed an amended complaint for declaratory judgment based on a certified copy of the homeowners policy.

The parties subsequently filed cross-motions for summary judgment concerning State Farm's obligation to defend and indemnify the Floreses in the underlying personal injury action. After hearing argument on the cross-motions for summary judgment, the trial court granted State Farm's motion.  The trial court concluded that State Farm did not have a duty to defend the Floreses in the underlying personal injury action because they did not qualify as insureds under the Torreses' homeowners insurance policy because they were not members of the Torreses' "household" as that term was defined in the case law.  The trial court denied the motion to reconsider and this appeal followed.

ANALYSIS

Summary judgement is appropriate where the pleadings, depositions, and admissions on file, together with any affidavits, when viewed in the light most favorable to the nonmovant, reveal there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. 735

1-06-1902

ILCS 5/2-1005(c) (West 2000); Gawryk v. Firemen's Annuity & Benefit Fund of Chicago, 356 Ill. App. 3d 38, 41, 824 N.E.2d 1102 (2005). When, as in this case, the parties file cross-motions for summary judgment, they agree that no genuine issue as to any material facts exists and that only a question of law is involved, and they invite the court to decide the issues based on the record. Gawryk, 356 Ill. App. 3d at 41. Our review is de novo. Abrams v. City of Chicago, 211 Ill. 2d 251, 258, 811 N.E.2d 670 (2004).

In addition, an insurance policy is a contract and its construction is also reviewed de novo as a question of law. Andreou & Casson, Ltd. v. Liberty Insurance Underwriters, Inc., 377 Ill. App. 3d 352, 358, 877 N.E.2d 770 (2007).

Marcelo Martinez first contends that State Farm is estopped from raising coverage defenses because it breached its duty to defend when it initially agreed to provide Humbelina with a defense to the underlying personal injury action and then abandoned that defense without filing a timely declaratory judgment action. We disagree.

In a case such as this, where an insurer believes that a policy may not provide coverage, it has two options: it can seek a declaratory judgment to determine its obligation to defend or it can defend under a reservation of rights. Royal Insurance Co. v. Process Design Associates, Inc., 221 Ill. App. 3d 966, 973, 582 N.E.2d 1234 (1991). In this case, State Farm chose the

-6-

1-06-1902

latter option.

An insurer who notifies its insured that it is defending the insured under a reservation of rights and identifies the policy provisions that may preclude coverage is not estopped from subsequently denying coverage. See Earl v. Thompson, 128 Ill. App. 2d 32, 37-38, 262 N.E.2d 320 (1970); Royal Insurance Co., 221 Ill. App. 3d at 974 ("If the insurer has adequately informed the insured of its election to proceed under a reservation of rights, and the insured accepts the insurer's tender of defense counsel, the insurer has not breached its duty of loyalty and is not estopped from asserting policy defenses").

Estoppel does not apply in this case because State Farm complied with its duty to defend. State Farm sent written notice to the parties at the outset of the personal injury action that it was providing them a defense subject to a reservation of rights. Following the parties' answers to the personal injury complaint, where Humbelina Flores admitted owning the dog and the Torreses admitted owning the home where the incident occurred, State Farm informed the Floreses that it was denying coverage. State Farm then filed a declaratory judgment action seeking a determination of whether there was coverage under the homeowners policy. Under these facts, State Farm was not estopped from asserting coverage defenses.

Estoppel also does not apply because Humbelina Flores fails to show that she detrimentally relied on State Farm's initial

-7-

decision to undertake her defense in the underlying personal injury action. An insurer's delay in withdrawing its initial decision to provide a defense to an insured is not sufficient to establish estoppel unless the delay results in prejudice. Western Casualty & Surety Co. v. Brochu, 122 Ill. App. 3d 125, 134-35, 460 N.E.2d 832 (1984).

Marcelo Martinez finally contends that even if we conclude that State Farm was not estopped from asserting its policy defense we should still find that the trial court erred in holding that the Floreses were not covered under the Torreses' homeowners insurance policy. Marcelo Martinez asserts that the Floreses qualify as insureds under the policy because they were residents of the Torreses' "household."

When a declaratory judgment action is brought to determine an insurer's duty to defend, the court assesses the allegations in the underlying complaint in light of the relevant policy provisions in order to determine whether the claim falls within or potentially within coverage. Royal Insurance Co. of America v. Insignia Financial Group, Inc., 323 Ill. App. 3d 58, 63-64, 751 N.E.2d 164 (2001).

In this case, the definitional section of the policy provides that the following are insured: "you" (named insured); and if a resident of your household, "your relatives" and "any other person under the age of 21 who is in the care of a person described above." Accordingly, the Floreses qualify as insureds

under the policy only if they can be deemed residents of the Torreses' household.

Initially we note that the Torreses' homeowners policy does not define the term "household." And courts have generally concluded that, in relation to insurance policies, the term is ambiguous with no fixed meaning. See, e.g., Cincinnati Insurance Co. v. Argubright, 151 Ill. App. 3d 324, 331, 502 N.E.2d 868 (1986); Erie Insurance Exchange v. Stephenson, 674 N.E.2d 607, 610 (Ind. App. 1996); see also Liberty Mutual Insurance Co. v. Havner, 103 S.W.3d 829, 833 (Mo. App. 2003) (term "household" is ambiguous when left undefined in homeowners policy).

Ambiguous terms in an insurance policy are generally construed in favor of the insured and against the drafter of the policy. Traveler's Insurance Co. v. Eljer Manufacturing, Inc., 197 Ill. 2d 278, 293, 757 N.E.2d 481 (2001). In this case, however, even if we strictly construed the term "household" against State Farm, there is no way the Floreses can be deemed residents of the Torreses' household.

The phrase "resident of the household" has no fixed meaning. Farmers Automotive Insurance Ass'n v. Gitelson, 344 Ill. App. 3d 888, 893-94, 801 N.E.2d 1064 (2003). Interpretation of the phrase requires a case-specific analysis of intent, physical presence, and permanency of abode. Gitelson, 344 Ill. App. 3d at 894. The controlling factor, however, is the intent of the party whose residency is in question as evinced by that party's

actions. <u>Arqubright</u>, 151 Ill. App. 3d at 330.

Applying these factors to the case at bar, it is clear that the Floreses were not residents of the Torreses' household at the time of the dog-bite incident. At the time of the incident, the Flores family lived at 2109 South 50th Avenue, while the Torres family lived at a separate address located at 3628 57th Avenue.

Martin Torres testified that he and his wife never lived or intended to live at the 2109 South 50th Avenue address, and no evidence was presented that the Floreses ever intended to live at the address where the Torreses maintained their household. The evidence showed that at the time of the incident, the Floreses and Torreses maintained two separate and independent households each operating as separate domestic units.

Under these factual circumstances, there was no genuine issue of material fact as to whether the Floreses were residents of the Torreses' household at the time of the dog-bite incident for purposes of the insurance policy. See, <u>e.g.</u>, <u>Arqubright</u>, 151 Ill. App. 3d at 331, quoting <u>Liberty National Bank v. Zimmerman</u>, 333 Ill. App. 94, 102, 77 N.E.2d 49 (1947) ("'[a] family considered as consisting of all those who share in the privileges and duties of a common dwelling'"); <u>Jones v. Crane Co.</u>, 653 So. 2d 822, 825 (La. Ct. App. 1995) (household as a "group of people living together as a family, and, for insurance purposes, the term is generally synonymous with 'family'"); <u>American States Insurance Co. v. Walker</u>, 26 Utah 2d 161, 164, 486 P.2d 1042, 1044

1-06-1902

(1971) ("A resident of a household is one who is a member of a family who live under the same roof").

The trial court correctly held that the Floreses were not covered under the homeowners insurance policy issued to the Torreses, because the Floreses were not residents of the Torreses' household at the time of the dog-bite incident. The trial court did not err by entering summary judgment in favor of State Farm.

Accordingly, for the reasons set forth above, we affirm the circuit court's judgment granting summary judgment in favor of State Farm and we affirm the court's order denying Marcelo Martinez' motion for reconsideration.

Affirmed.

HOFFMAN, P.J., and SOUTH, J., concur.