FOURTH DIVISION
September 23, 2010

No. 1-09-1511

| | | |
|---|---|---|
| AMERICAN BEVERAGE ASSOCIATION, | ) | Appeal from the |
| INTERNATIONAL BOTTLED WATER | ) | Circuit Court of |
| ASSOCIATION, ILLINOIS RETAIL | ) | Cook County. |
| MERCHANTS ASSOCIATION, and | ) | |
| FOOD RETAILERS ASSOCIATION, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | No. 08 CH 396 |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF CHICAGO, | ) | Honorable |
| | ) | E. James Tolmaire III, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiffs, American Beverage Association, International Bottled Water Association, Illinois Retail Merchants Association, and Food Retailers Association, brought an action challenging the constitutionality of an ordinance enacted by defendant, City of Chicago, that imposed a tax of five cents on each bottle of water purchased at retail. Plaintiffs contended the tax was an unconstitutional occupation tax that violated article VII, section 6(e)(2), of the Illinois Constitution of 1970. (Ill. Const. 1970, art. VII, §6(e)(2)). Plaintiffs also contended the tax violated the uniformity clause of the Illinois Constitution. Ill. Const. 1970, art. IX, §2. The circuit court granted summary judgment in favor of defendant. Plaintiffs appeal. We affirm.

On September 5, 2007, a group of Chicago aldermen adopted a resolution stating sales of bottled water are "growing approximately 7 to 10 percent each year," and emphasizing: "Single-use plastic bottles are ubiquitous and non-biodegradable. They are made from non-

renewable petroleum and their production creates toxic chemicals and greenhouse gases. The resulting plastic litter introduced into the environment severely threatens the quality of life for the citizens of this city." The resolution requested "the Committee on Finance hold hearings to determine the efficacy of a bottled water surcharge to be used, in part, to defray the cost associated with collecting and recycling single-use plastic water bottles and to mitigate the negative consequences their unchecked manufacture and use will ultimately produce."

On November 13, 2007, the City of Chicago (the City) enacted the Chicago Bottled Water Tax Ordinance, which provides for a five-cent-per-bottle tax on the sale of bottled water within the City. Chicago Municipal Code §3-43-030 (2008). The tax must be collected from the retail dealer by the wholesale dealer, who remits the tax to the City. Chicago Municipal Code §3-43-050(A), (B) (2008).

The ordinance defines "bottled water" as "all water which is sealed in bottles offered for sale for human consumption" (Chicago Municipal Code §3-43-020 (2008)) and states the term does not include any beverage defined as a "soft drink" under section 3-45-020 of the Chicago Soft Drink Tax Ordinance. Chicago Municipal Code §3-45-020 (2008). To implement the ordinance, the City's Department of Revenue issued the "Chicago Bottled Water Tax Guide," which lists bottled beverages that the ordinance does not tax, including soft drinks as well as vitamin water, mineral water, and "[o]ther products [having] features such as flavoring, vitamins, caffeine, or nutritional additives."

The ordinance requires the City to deposit all proceeds of the bottled water tax into the City's corporate fund. Chicago Municipal Code §3-43-140 (2008). For fiscal year 2008, the City

made appropriations from that fund for programs that include recycling collection and education, environmental enforcement and remediation, and energy conservation.

On January 4, 2008, plaintiffs sought a declaratory judgment that the bottled water tax constituted an unconstitutional occupation tax in violation of article VII, section 6(e)(2), of the Illinois Constitution and the tax also violated the article IX, section 2, uniformity clause of the Illinois Constitution. The parties filed cross-motions for summary judgment. The circuit court found the ordinance to be valid and constitutional, granted the City's motion for summary judgment, and denied plaintiffs' motion. Plaintiffs filed this timely appeal.

Summary judgment is appropriate where the pleadings, depositions, and admissions on file, together with any affidavits, when viewed in the light most favorable to the nonmovant, reveal no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. State Farm Fire & Casualty Co. v. Martinez, 384 Ill. App. 3d 494, 497-98 (2008). When, as here, the parties file cross-motions for summary judgment, they agree no genuine issue of material fact exists and only a question of law is involved, and they invite the court to decide the issues based on the record. Martinez, 384 Ill. App. 3d at 498. Review is de novo. Martinez, 384 Ill. App. 3d at 498.

First, plaintiffs contend the bottled water tax is an occupation tax that has not been affirmatively authorized by the General Assembly and thus violates article VII, section 6(e)(2), of the Illinois Constitution, which states:

"(e) A home rule unit shall have only the power that the General Assembly may provide by law *** to license for revenue or impose taxes upon or measured

No. 1-09-1511

by income or earnings or upon occupations." Ill. Const. 1970, art. VII, §6(e)(2).

Absent specific authorization from the General Assembly, a home rule unit may not impose a tax on an occupation. Commercial National Bank of Chicago v. City of Chicago, 89 Ill. 2d 45, 51 (1982).

"An occupation[] tax is one that in practical effect imposes a tax upon a given occupation or the provider of particular services." Mr. B's, Inc. v. City of Chicago, 302 Ill. App. 3d 930, 934 (1998). "Services" is defined as including all sales transactions other than sales of tangible property. Mr. B's, 302 Ill. App. 3d at 934. By contrast, a sales tax is a tax on the sale of tangible personal property. Mr. B's, 302 Ill. App. 3d at 934.

A tax on tangible personal property is not considered an occupation tax when the ordinance enacting it declares its legal incidence falls on the purchaser, rather than the seller. Archer Daniels Midland Co. v. City of Chicago, 294 Ill. App. 3d 186, 191 (1997). In the present case, the five-cent tax on each bottle of water purchased at retail is a tax on the sale of tangible personal property. The ordinance enacting it expressly declares "[t]his tax shall be paid by the purchaser" (Chicago Municipal Code §3-43-030 (2008)) and "[t]he ultimate incidence and liability for payment of the tax *** is to be borne by the purchaser" (Chicago Municipal Code §3-43-040 (2008)). As such, the tax on bottled water is a sales tax and not an occupation tax.

Plaintiffs argue, though, the tax on bottled water is an occupation tax because the ordinance enacting it expressly provides the responsibility for collecting and returning the tax is imposed solely on wholesale and retail bottled water dealers, the practical effect of which is to place the legal incidence of the tax on them. In support, plaintiffs cite Commercial National

No. 1-09-1511

Bank of Chicago v. City of Chicago, 89 Ill. 2d 45 (1982), in which the supreme court examined

whether a Chicago service tax ordinance was an unconstitutional attempt to impose an

occupation tax without authorization by the General Assembly. The supreme court noted the

ordinance expressly imposed the tax on the purchaser (Commercial National Bank, 89 Ill. 2d at

51), and other cases had upheld home rule taxes in which the ordinances had placed the legal

incidence of the taxes on the purchasers (Commercial National Bank, 89 Ill. 2d at 62-63).

However, in those other cases, the tax was upon the transfer of a tangible object (such as

cigarettes and alcoholic beverages) and were the type of taxes that the 1970 Illinois constitutional

convention had perceived to be within the power of home rule units to impose. Commercial

National Bank, 89 Ill. 2d at 63. In contrast, the debates of the delegates to the 1970 Illinois

constitutional convention clearly indicated a tax on services constituted an unconstitutional

occupation tax and did not fall within the power of home rule units to impose. Commercial

National Bank, 89 Ill. 2d at 63-65.

The supreme court further noted the simple declaration in the service tax ordinance that

the tax was imposed on the purchasers of services was not sufficient to avoid the restrictions

imposed by the constitution. Commercial National Bank, 89 Ill. 2d at 68. The supreme court

stated "the practical operation of the entire ordinance, not just the simple declaration that the tax

is on the purchaser, must be judged against the intent expressed by the delegates in the

constitutional convention in determining whether the tax imposed by the ordinance falls within

the proscription of section 6(e) of article VII." Commercial National Bank, 89 Ill. 2d at 65. In

conducting this "practical-effect" analysis, the supreme court determined all of the legal

-5-

obligations imposed upon a seller by an occupation tax are also imposed on the seller of services by the Chicago service tax ordinance. Commercial National Bank, 89 Ill. 2d at 66. Accordingly, the supreme court held the Chicago service tax was an occupation tax prohibited under section 6(e)(2) of article VII. Commercial National Bank, 89 Ill. 2d at 68.

However, in a subsequent case, the supreme court held the practical-effect analysis is not appropriate where the tax at issue was one that the constitutional convention intended to allow to home rule units. In Illinois Gasoline Dealers Ass'n v. City of Chicago, 119 Ill. 2d 391 (1988), the plaintiffs Illinois Gasoline Dealers Association and Midwest Petroleum Marketers Association challenged the constitutionality of the "Chicago Vehicle Fuel Tax." The main provision of the Chicago Vehicle Fuel Tax Ordinance reads:

" 'A tax is hereby imposed upon the privilege of purchasing or using, in the City of Chicago, vehicle fuel purchased in a sale at retail. The tax shall be at a rate of five cents per gallon of vehicle fuel. The ultimate incidence of and liability for payment of the tax shall be upon the purchaser or user of the vehicle fuel, and nothing in this chapter shall be construed to impose a tax upon the occupation of selling or distributing vehicle fuel. It shall be a violation of this chapter for any distributor or retail dealer to fail to add this tax to the retail price of vehicle fuel or to absorb the tax.' " Illinois Gasoline Dealers, 119 Ill. 2d at 395, quoting Chicago Municipal Code §200.10-2 (1986).

The ordinance imposes a duty on fuel dealers to collect the tax and keep collection records and subjects them to various penalties for failing to comply with the requirements of the ordinance. Illinois Gasoline Dealers, 119 Ill. 2d at 395-96.

No. 1-09-1511

The plaintiffs brought an action challenging the tax as an impermissible occupation tax in violation of section 6(e)(2) of article VII. Illinois Gasoline Dealers, 119 Ill. 2d at 398. The trial court ruled the vehicle fuel tax was not an occupation tax. Illinois Gasoline Dealers, 119 Ill. 2d at 398. On appeal to the supreme court, plaintiffs argued, as in Commercial National Bank, the vehicle fuel tax was an occupation tax because the practical effect of the ordinance was to place the legal incidence of the tax on those engaged in the business of selling vehicle fuel. Illinois Gasoline Dealers, 119 Ill. 2d at 399.

In analyzing the issue, the supreme court declined to apply the practical-effect analysis utilized in Commercial National Bank:

"[The] practical-effect analysis *** is not appropriate in considering the tax now before us because, as disclosed by the constitutional convention debates, it is not a tax which the constitutional convention intended to deny to home rule units. The report of the Local Government Committee of the convention sets forth several examples of permissible home rule taxes. Significantly, the report stated under a city's home rule power, it could impose a tax at a fixed rate per gallon on gasoline and that taxes upon hotel rooms, liquor, food, drug, etc., were permissible. (7 Record of Proceedings, Sixth Illinois Constitutional Convention 1655-56.) The Chicago vehicle fuel tax is a tax at a fixed rate of five cents per gallon on vehicle fuel. The shifting of the incidence of the tax is not here an attempt to evade the intent of the constitutional convention to prohibit a tax on the sale of services." (Emphasis in original.) Illinois Gasoline Dealers, 119 Ill. 2d at 400.

-7-

As the Chicago vehicle fuel tax was a permissible tax on the transfer of a tangible object (vehicle fuel) and was not a tax on services, it was substantially similar to other home rule taxes that had been upheld. Illinois Gasoline Dealers, 119 Ill. 2d at 401. In those cases, "significance was attached" to the provisions in the ordinances indicating the legal incidence of the taxes were on the purchaser (Illinois Gasoline Dealers, 119 Ill. 2d at 401), a provision that also was present in the Chicago Vehicle Fuel Tax Ordinance. Illinois Gasoline Dealers, 119 Ill. 2d at 395. The supreme court concluded the vehicle fuel tax was a proper home rule tax "consistent with the consensus expressed in the constitutional convention" and was not an occupation tax. Illinois Gasoline Dealers, 119 Ill. 2d at 401.

Similarly, in the present case, the practical-effect analysis is not appropriate for considering the tax on bottled water because it is not a tax that the constitutional convention intended to deny home rule units. The constitutional convention intended for home rule units to impose taxes on "food" (see 7 Record of Proceedings, Sixth Illinois Constitutional Convention 1655-56), and plaintiffs concede for purposes of this case bottled water is considered "grocery store food," i.e., food for human consumption to be consumed off the premises where it is sold. As such, bottled water falls within the City's home rule power to tax, and any shifting of the incidence of the tax is not an attempt to evade the intent of the constitutional convention to prohibit a tax on the sale of services. As the tax is on the transfer of a tangible object (bottled water) and is not a tax on services, the provision in the ordinance indicating the legal incidence of the tax falls on the purchaser is controlling. Therefore, the tax on bottled water is not an occupation tax.

No. 1-09-1511

Next, plaintiffs contend the City is prohibited from implementing the bottled water tax by section 8-11-1 of the Illinois Municipal Code, which states in pertinent part:

> "The corporate authorities of a home rule municipality may impose a tax upon all persons engaged in the business of selling tangible personal property, other than an item of tangible personal property titled or registered with an agency of this State's government, at retail in the municipality on the gross receipts from these sales made in the course of such business. If imposed, the tax shall only be imposed in 1/4% increments. <u>On and after September 1, 1991, this additional tax may not be imposed on the sales of food for human consumption that is to be consumed off the premises where it is sold (other than alcoholic beverages, soft drinks and food that has been prepared for immediate consumption)</u>." (Emphasis added.) 65 ILCS 5/8-11-1 (West 2002).

Plaintiffs contend the emphasized portion of section 8-11-1 expressly bars home rule entities from taxing retail sales of food to be consumed off the premises where it is sold (<u>i.e.</u>, "grocery store food" like the bottled waters at issue here.)

The primary rule of statutory construction is to ascertain and give effect to the true intent of the legislature. <u>Augustus v. Estate of Somers</u>, 278 Ill. App. 3d 90, 97 (1996). In determining legislative intent, a court should consider the statutory language first, giving the terms of the statute their ordinary meaning. <u>MQ Construction Co. v. Intercargo Insurance Co.</u>, 318 Ill. App. 3d 673, 681 (2000). Where the language of the statute is clear, it will be given effect without resort to other aids for construction. <u>Augustus</u>, 278 Ill. App. 3d at 97. Because the construction of a statute is a question of law, our review is <u>de novo</u>. <u>O'Loughlin v. Village of River Forest</u>,

338 Ill. App. 3d 189, 191 (2003).

Our examination of the language of section 8-11-1 indicates the first sentence expressly provides a home rule municipality may impose an occupation tax on the persons selling tangible personal property at retail in the municipality on the "gross receipts from these sales made in the course of such business." 65 ILCS 5/8-11-1 (West 2002). The second sentence provides the tax shall be imposed only in 1/4% increments. The third sentence states on and after September 1, 1991, this "additional tax," i.e., the occupation tax on gross receipts referenced in the first two sentences, may not be imposed on the sale of grocery store food. 65 ILCS 5/8-11-1 (West 2002).

Thus, section 8-11-1 prohibits only occupation taxes on grocery store food measured by gross receipts. Section 8-11-1 does not apply here because, as discussed above, the bottled water tax is not an occupation tax imposed on the persons selling bottled water but rather is a sales tax. Also, section 8-11-1 does not apply here because the bottled water tax is not measured by the gross receipts from the sales of bottled water, but instead is a flat amount (five cents) on each bottle sold.

Plaintiffs also contend section 8-11-6a of the Illinois Municipal Code preempts the bottled water tax. The first sentence of section 8-11-6a states in pertinent part:

> "Except as provided in [section 8-11-1,] on and after September 1, 1990, no home rule municipality has the authority to impose, pursuant to its home rule authority, a retailer's occupation tax, service occupation tax, use tax, sales tax or other tax on the use, sale or purchase of tangible personal property based on the gross receipts from such sales or the selling or purchase price of said tangible personal property." (Emphasis added.) 65

ILCS 5/8-11-6a (West 2008).

Plaintiffs contend since the word "or" is disjunctive, the words prior to "or" in section 8-11-6a are to be taken separately from the words that follow. Under plaintiffs' analysis, we first look at only the words in section 8-11-6a prior to "or," which are: "Except as provided in [section 8-11-1,] on and after September 1, 1990, no home rule municipality has the authority to impose, pursuant to its home rule authority, a retailer's occupation tax, service occupation tax, use tax, sales tax." 65 ILCS 5/8-11-6a (West 2008). Plaintiffs contend this portion of the sentence categorically preempts all retailer's occupation taxes, service occupation taxes, use taxes and sales taxes, including the bottled water tax at issue here, regardless of whether those taxes are flat per unit taxes or whether they are based on gross receipts. Next, under plaintiffs' analysis, we look at the words in section 8-11-6a after "or", which preempt any "other tax on the use, sale or purchase of tangible personal property based on the gross receipts from such sales or the selling or purchase price of said tangible personal property." (Emphasis added.) 65 ILCS 5/8-11-6a (West 2008). Plaintiffs contend this portion preempts any tax other than the retailer's occupation tax, service occupation tax, use tax or sales tax where such other tax is on the use, sale or purchase of tangible personal property and is based on gross receipts or the selling or purchase price. In effect, plaintiffs contend section 8-11-6a preempts all retailer's occupation taxes, service occupation taxes, use taxes, and sales taxes (including the bottled water tax) regardless of how the tax is measured, but preempts any other tax only if those other taxes are measured by gross receipts or the selling or purchase price.

The City counters the legislature's reference to gross receipts and price in the first

sentence of section 8-11-6a applies not only to the phrase "other tax" that appears after the word "or," but also to the phrases "retailer's occupation tax," "service occupation tax," "use tax," and "sales tax" that appear before the word "or."  Under the City's analysis, only those retailer's occupation taxes, service occupation taxes, use taxes, and sales taxes that are measured by gross receipts or the selling or purchase price are preempted.  Since the bottled water tax is not measured by gross receipts or the selling or purchase price, the City contends it is not preempted.

We need not delve into an extensive analysis of the first sentence of section 8-11-6a, because the second sentence clarifies the General Assembly's intent.  The second sentence states:

"Notwithstanding the foregoing, this Section does not preempt any home rule imposed tax such as the following: (1) a tax on alcoholic beverages, whether based on gross receipts, volume sold or any other measurement; (2) a tax based on the number of units of cigarettes or tobacco products ***; (3) a tax, however measured, based on the use of a hotel or motel room or similar facility; (4) a tax, however measured, on the sale or transfer of real property; (5) a tax, however measured, on lease receipts; (6) a tax on food prepared for immediate consumption and on alcoholic beverages sold by a business which provides for on premise consumption of said food or alcoholic beverages; or (7) other taxes not based on the selling or purchase price or gross receipts from the use, sale or purchase of tangible personal property."  (Emphasis added.)  65 ILCS 5/8-11-6a (West 2008).

Thus, exception (7) in the second sentence of section 8-11-6a makes clear that outside the six preceding exceptions, section 8-11-6a does not preempt taxes that are not based on the selling

or purchase price or gross receipts from the use, sale or purchase of tangible personal property. Exception (7) excepts the bottled water tax from preemption, as it is a flat tax of five cents per bottle and is not based on the selling or purchase price or gross receipts from the use, sale or purchase of tangible personal property.

Next, plaintiffs contend the bottled water tax violates the uniformity clause of the Illinois Constitution, which states:

"In any law classifying the subjects or objects of non-property taxes or fees, the classes shall be reasonable and the subjects and objects within each class shall be taxed uniformly. Exemptions, deductions, credits, refunds and other allowances shall be reasonable." Ill. Const. 1970, art. IX, §2.

To survive scrutiny under the uniformity clause, a nonproperty tax classification must pass a two-prong test. First, the classification must be based on a real and substantial difference between those taxed and those not taxed. Second, the classification must be reasonably related to the object of the legislation or to public policy. Arangold Corp. v. Zehnder, 204 Ill. 2d 142, 153 (2003).

In the present case, the ordinance defines "bottled water" as "all water which is sealed in bottles offered for sale for human consumption." See Chicago Municipal Code §3-43-020 (2008). The City has issued a "Chicago Bottled Water Tax Guide" (the Guide) intended to help identify the types of bottled water that are taxable. The Guide states "[i]n general, all brands of non carbonated bottled water intended for human consumption" are taxable. The Guide also lists the following examples of nontaxable items: (1) any beverage that qualifies as a "Soft Drink" per

the Chicago Soft Drink Tax Ordinance; (2) Pedialyte; (3) Gatorade; (4) vitamin water; (5)Sobe Life Water; (6) Propel Fitness Water; (7) Water Joe; (8) Perrier, seltzer water, club soda or tonic water; (9) mineral water (as defined by the Food and Drug Administration); (10) distilled water; (11) other products similar to those listed above due to carbonation and/or other features such as flavoring, vitamins, caffeine, or nutritional additives; and (12) water provided by home or business water delivery services, where the water is delivered in a reusable container that is not sold with the water.

Thus, the City taxes noncarbonated bottled water, but does not tax any beverage marketed for certain specific features such as flavoring, vitamins, caffeine, or nutritional additives. As a real and substantial difference exists between those items taxed and those not taxed, the bottled water tax satisfies the first prong of the uniformity clause.

The second prong of the uniformity clause is the classification "bear[s] some reasonable relationship to the object of the legislation or to public policy." Arangold Corp., 204 Ill. 2d at 153. In the present case, the City enacted the bottled water tax to raise revenue in a manner that discourages consumers from buying noncarbonated bottled water, both to conserve energy from nonrenewable sources and to reduce the discharge of toxic contaminants and litter. The classification is reasonably related to those purposes and therefore satisfies the second prong of the uniformity clause.

Plaintiffs contend the City raised the environmental concerns as an afterthought or an after-the-fact justification. The record indicates otherwise, as the resolution of several Chicago alderman that preceded the bottled tax ordinance declared: the "single-use plastic bottles" in

which bottled waters are sold are "made from non-renewable petroleum"; "their production creates toxic chemicals and greenhouse gases"; and they create "litter" that is "non-biodegradable" and "severely threatens the quality of life for the citizens of this city." Further, even if the environmental concerns were an after-the-fact justification, our supreme court has held " '[t]he reasons justifying the classification *** need not appear on the face of the statute, and the classification must be upheld if any state of facts reasonably can be conceived that would sustain it.' " Empress Casino Joliet Corp. v. Giannoulias, 231 Ill. 2d 62, 76 (2008), quoting Department of Revenue v. Warren Petroleum Corp., 2 Ill. 2d 483, 490 (1954). As discussed above, the environmental concerns are sufficient to sustain the classification.

Plaintiffs also contend the bottled water tax is "grossly underinclusive" because it taxes only noncarbonated bottled water and not other products sold in disposable containers. However, the proper inquiry is not whether the City should have taxed other products, but whether a reasonable relationship exists between the product taxed and the justification for the tax. Arangold Corp., 204 Ill. 2d at 155. As discussed, such a reasonable relationship exists in this case; accordingly, the bottled water tax satisfies the requirements of the uniformity clause.

For the foregoing reasons, we affirm the circuit court.

Affirmed.

O'BRIEN, J., with FROSSARD, J., and LAVIN, J., concurring.