

**FILED**

Apr 27 2017, 10:51 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Shaun T. Olsen
Olsen Campbell, Ltd.
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| M.G., <br> *Appellant-Respondent,* <br><br> v. <br><br> V.P., <br> *Appellee-Petitioner.* | April 27, 2017 <br><br> Court of Appeals Case No. <br> 45A05-1608-PO-1855 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Calvin D. Hawkins, Judge <br><br> Trial Court Cause No. <br> 45D02-1605-PO-124 |

**Pyle, Judge.**

## Statement of the Case

[1] This case is a prime example of forum shopping for a protective order and the importance of respecting the doctrine of res judicata. M.G., who had a protective order against V.P., appeals the trial court's order granting V.P.'s third petition for a protective order against M.G. M.G. argues that the trial court should have denied V.P.'s third protective order petition based on the doctrine

of res judicata because the third petition contained no new allegations from V.P.'s first and second protective order petitions that had been denied by judges sitting in two other Lake County trial courts. Concluding that V.P.'s third protective order petition was barred by res judicata, we reverse the trial court's order and remand with instructions to vacate the protective order against M.G.

We reverse.

## Issue

Whether the trial court abused its discretion by granting V.P.'s third petition for a protective order.

## Facts

On February 21, 2016, V.P. and M.G. were involved in a physical altercation at a restaurant. Thereafter, V.P. was charged with battery of M.G.

On April 6, 2016, M.G. filed—in Lake Superior Court #2—a petition for a protective order against V.P. ("M.G.'s PO Petition"). That same day, the trial court issued an ex parte order for protection against V.P. and then set a hearing for May 6, 2016.

In the meantime, on April 11, 2016, V.P. filed—in Lake Superior Court #6—a petition for a protective order against M.G. ("V.P.'s First PO Petition"). In her petition, V.P. alleged that M.G. had stalked her based on various events that occurred on the following dates: December 21, 2015; February 10, 2016; February 21, 2016; and March 20, 2016. The crux of V.P.'s allegations were that M.G. had met with and had been texting V.P.'s husband. V.P. also alleged

that she had received hang up calls, which V.P. alleged were from M.G., and she alleged that M.G. had driven past her house. Furthermore, V.P. alleged that on February 21, 2016, she saw her husband's truck parked in front of a restaurant, stopped and went into the restaurant where she found M.G. talking to her husband, and then she and M.G. got into a physical altercation.[1] Additionally, V.P. alleged that, on March 20, 2016, M.G. had tipped off police to V.P.'s location so that the police could arrest V.P. on an outstanding warrant for failing to appear at a truancy hearing for her daughter. That same day, Lake Superior Court #6 denied V.P.'s petition, finding that V.P. "ha[d] not shown, by a preponderance of the evidence, that stalking ha[d] occurred sufficient to justify the issuance of an Order for Protection." (App. 19).

[6] A few days later, on April 14, 2016, V.P. filed—in Lake Superior Court #3—a second petition for a protective order against M.G. ("V.P.'s Second PO Petition"). In her petition, V.P. alleged that she was a victim of stalking based on various events that had occurred on the following dates: December 21, 2015; February 10, 2016; February 21, 2016; March 27, 2016; and March 29, 2016. Again, most of V.P.'s allegations were that M.G. had met with and had texted V.P.'s husband. V.P.'s March 27th allegation was the same as her March 20, 2016 allegation in V.P.'s First PO Petition, except for the change of date. Her March 29th allegation was that M.G. had texted V.P.'s husband. Lake Superior Court #3 held a hearing on V.P.'s Second PO Petition on April

---

[1] V.P. also alleged that M.G. had hit V.P.'s daughter.

29, 2016, and it denied the petition, again finding that V.P. "ha[d] not shown, by a preponderance of the evidence, that stalking ha[d] occurred sufficient to justify the issuance of an Order for Protection." (App. 28).

[7] On May 6, 2016, the trial court in Lake Superior Court #2 held a hearing on M.G.'s PO Petition. Thereafter, it entered a protective order against V.P. for the protection of M.G. for two years.

[8] That same day, V.P. then filed—in Lake Superior Court #2—a third petition for a protective order against M.G. ("V.P.'s Third PO Petition"). It is this petition that is at issue in this appeal. In her petition, V.P. alleged that she was a victim of stalking. Specifically, V.P. recounted the February 21, 2016 incident at the restaurant that she had included in her first and second protective order petitions. Additionally—as she had alleged in her other two protective order petitions—V.P. again alleged that M.G. had contacted police so that they could arrest V.P. on an outstanding truancy warrant; however, in this third petition, V.P. alleged that this event had occurred on February 21, 2016. V.P. also generally alleged that M.G. had been "stalking [her] home" by driving by it, calling her cell phone, and sending threatening messages to her. (App. 31). She did not include any dates for these allegations. That same day, on May 6, 2016, the trial court issued an ex parte order for protection against M.G. Thereafter, M.G. filed an objection to V.P.'s Third PO Petition and requested a hearing.

[9] Following a continuance by V.P., the trial court held a hearing on M.G.'s objection on July 15, 2016.[2] During the hearing, V.P. acknowledged that the February 2016 restaurant fight allegation[3] contained in her Third PO Petition was also in her prior petitions and that it had been covered in the April 29, 2016 hearing on her Second PO Petition that had been denied by Lake Superior Court #3. She asserted that the trial judge had denied her Second PO Petition because there had not been any other incidents outside of the February 2016 fight at the restaurant. V.P. also admitted that the other allegations contained in her Third PO Petition—including the phone calls, which were from an anonymous caller whom V.P. alleged was M.G., and the house drive-bys—were discussed in the hearing on her Second PO Petition. V.P. also acknowledged that these alleged activities had not occurred since April 29, 2016, when she had last seen M.G. in court for the hearing on V.P.'s Second PO Petition. Nevertheless, V.P. argued that the ex parte protective order should be extended based on her assertion that M.G. had been "stalking" her with phone calls and had been driving past her house. (Tr. 25). V.P. stated that she was "afraid" of M.G. and that she wanted the protective order continued because there was "no telling what [M.G.] might do[.]" (Tr. 25).

[10] M.G. argued that V.P.'s Third PO Petition should be dismissed based on res judicata; specifically, she argued that the petition would be "collaterally

---

[2] During the hearing, V.P. represented herself pro se, and M.G. was represented by counsel.

[3] V.P. testified that she had been charged with battery against M.G. as a result of the February 2016 restaurant incident and that the charge was still pending. She also testified that she had been charged with invasion of privacy of M.G. based on an event that had occurred on June 14, 2016.

estopped under the claim preclusion doctrine because all of [V.P.'s allegations had been] raised, aired, and decided upon at a prior court." (Tr. 30). M.G. asserted that V.P. had already had "two bites at the apple" that were denied and that she "shouldn't get a third one." (Tr. 30). Additionally, M.G. asserted that V.P. had shown a "pattern . . . moving from court to court to see who might be amenable or what court might be agreeable to provide a protective order," and M.G. argued that the trial court should stop this "forum shopping." (Tr. 31).

[11] In response to M.G.'s arguments, the trial court acknowledged the issues of res judicata and forum shopping and the fact that V.P. had already had a hearing on the allegations contained in her Third PO Petition. The trial court, however, questioned the prior courts' judgments denying V.P.'s other protective order petitions. The trial court stated that it d[id]n't know if [it] would agree" with "the previous jurists and their rationale[.]" (Tr. 34). The trial court asserted that it had researched the origin of protective orders and found that "the rationale for why these laws came into being first and foremost was to try to prevent domestic violence." (Tr. 33). The trial court further stated that it "tend[ed] to err on the side of caution given all the stuff that's out here" and that it ha[d] been "extremely sensitive" to domestic violence. (Tr. 34). The trial court stated that V.P. and M.G. "need[ed] to stay away from one another" and that an extension of V.P.'s ex parte protection order would give them "mutual protective orders." (Tr. 33, 34). Thereafter, the trial court issued an order, overruling M.G.'s objection and determining that the protective order it

had previously issued on V.P.'s Third PO Petition would remain in effect until May 6, 2017.  M.G. now appeals.

# Decision

[12]     Before we address M.G.'s argument, we note that V.P. did not file an Appellee's brief.  When an appellee fails to submit an appellate brief, "'we need not undertake the burden of developing an argument on the [A]ppellee's behalf.'"  *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014) (quoting *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006)).  Rather, "'we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error.'"  *Id.* (quoting *Trinity Homes*, 848 N.E.2d at 1068).  "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it."  *Id.* (internal quotation marks and citation omitted).

[13]     M.G. argues that the trial court abused its discretion by granting a protective order based on V.P.'s Third PO Petition.  Specifically, M.G. contends that V.P.'s Third PO Petition was barred by res judicata because she raised no new allegations of misconduct beyond those raised in her prior petitions that had been denied in the month prior to this third petition.  M.G. asserts that "[d]eclining to require the Trial Court to apply *res judicata* in this case would encourage forum shopping and redundant litigation by permitting parties who have been denied a protective order to re-petition in different courts[.]"  (M.G.'s Brief at 12).  We agree.

[14] "Civil protective orders are governed by the Indiana Civil Protection Order Act ("CPOA")[.]" *Costello v. Zollman*, 51 N.E.3d 361, 364 (Ind. Ct. App. 2016), *trans. denied*. *See* IND. CODE §§ 34-26-5-1 *et seq*. "'Generally, a trial court has discretion to grant protective relief according to the terms of the CPOA.'" *Costello*, 51 N.E.3d at 367 (quoting *A.N. v. K.G.,* 10 N.E.3d 1270, 1271 (Ind. Ct. App. 2014)).

[15] The trial court, however, does not have discretion to ignore the doctrine of res judicata. Indeed, res judicata "'supersedes [discretion] and compels judgment[.]'" *State v. Lewis*, 543 N.E.2d 1116, 1118 (Ind. 1989) (quoting *Southern Ry. Co. v. Clift*, 260 U.S. 316, 319 (1922)). "Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Perry v. Gulf Stream Coach, Inc.,* 871 N.E.2d 1038, 1048 (Ind. Ct. App. 2007) (internal quotation marks and citation omitted). "To hold otherwise would constitute an unprecedented departure from accepted principles of res judicata." *Id.* (internal quotation marks and citation omitted).

[16] "Res judicata*,* whether in the form of claim preclusion or issue preclusion (also called collateral estoppel), aims to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies." *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013) (italicization removed). Res judicata "applies where there has been a final adjudication on the merits of the same issue between the same parties."

*Indiana State Ethics Comm'n v. Sanchez*, 18 N.E.3d 988, 993 (Ind. 2014) (internal quotation marks and citation omitted).

[17] At the protective order hearing below, M.G. argued that claim preclusion applied and would bar V.P.'s Third PO Petition because all the allegations in her petition had already been previously "raised, aired, and decided upon at a prior court." (Tr. 30).

> Claim preclusion is applicable when a final judgment on the merits has been rendered and acts to bar a subsequent action on the same claim between the same parties. When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. Claim preclusion applies when the following four factors are present: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies.

*Dawson v. Estate of Ott*, 796 N.E.2d 1190, 1195 (Ind. Ct. App. 2003) (citations omitted).

[18] Neither V.P. nor the trial court disputed the applicability of claim preclusion or the fact that V.P. had already had a hearing and judgment on the allegations contained in her Third PO Petition. Instead, the trial court cited to domestic violence as the reason for protective orders, questioned the "previous jurists and their rationale," stated that it preferred to "err on the side of caution[,]" and

then ruled on the merits of V.P.'s Third PO Petition and extended the ex parte protection order. (Tr. 34).

[19]     We appreciate the trial court's concern about domestic violence; indeed, it is this concern that underlies interpretation of the CPOA. *See* I.C. § 34-26-5-1 (providing that the CPOA "shall be construed to promote the . . . (1) protection and safety of all victims of domestic or family violence in a fair, prompt, and effective manner; and (2) prevention of future domestic and family violence"). We cannot, however, condone the trial court's disregard of the doctrine of res judicata. Here, the trial court ruled on the same allegations that had been previously addressed by a prior court. Because such ruling was barred by res judicata, we reverse the trial court's judgment and reverse with instructions to vacate the protective order against M.G.

[20]     Reversed.

May, J., and Brown, J., concur.