

FILED

Jul 31 2019, 10:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cynthia A. Marcus
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Marriage of:

Travis Edwards,

*Appellant-Respondent,*

v.

Valerie Edwards,

*Appellee-Petitioner.*

July 31, 2019

Court of Appeals Case No.
19A-DR-509

Appeal from the Hamilton
Superior Court

The Honorable Michael A. Casati,
Judge

The Honorable Todd L. Ruetz,
Magistrate

Trial Court Cause No.
29D01-0901-DR-42

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, Travis Edwards (Edwards), appeals the trial court's partial denial of his motion for relief from judgment.

We affirm.

# ISSUE

Edwards presents us with three issues on appeal, which we consolidate and restate as: Whether the trial court abused its discretion when it partially denied his Trial Rule 60(B) motion for relief from judgment.

# FACTS AND PROCEDURAL HISTORY

During the marriage of Edwards to Valerie Edwards (Valerie), Edwards was in active duty in the United States Army. Edwards' last deployment was to Iraq. Edwards was injured in combat during that deployment and was eventually diagnosed with post-traumatic stress disorder and a traumatic brain injury.

On February 23, 2010, the marriage of Edwards and Valerie was dissolved pursuant to an agreement that provided that Valerie would "be entitled to 50% of the monthly pension benefit accrued during the course of the marriage to and including the date of the final dissolution to be received by [Edwards] from the U.S. Military . . . ." (Appellant's App. Vol. II, p. 35). At the time the dissolution was entered, Edwards was still on active duty. On October 7, 2011, Edwards retired from the military, having completed almost twenty-three years of service. During the months of May 2012 through August 2012, Valerie

received 50% of Edwards' military pension benefit, as provided for by the dissolution decree. Thereafter, Edwards elected to receive combat-related service compensation (CRSC). As a result of that election, Edwards was required to waive his right to his military pension benefit. In September 2012, Valerie, who was unaware that Edwards had elected to receive CRSC, received notice from the entity administering Edwards' pension that she would no longer receive 50% of Edwards' pension benefit because he had discontinued receiving it. After electing to receive CRSC, Edwards did not make any payments to Valerie to replace the 50% of his pension benefit she had lost as a result of that election.

[6]     On November 12, 2014, Valerie filed a contempt motion seeking an order directing Edwards to pay her the pension benefit arrears that had accumulated and to continue to pay her 50% of the pension benefit, as provided in the dissolution decree. On September 29, 2015, the trial court held a hearing on Valerie's contempt motion. Edwards' counsel argued that Edwards had been required to waive his military pension benefit as a result of his election to receive CRSC and that CRSC was non-divisible income pursuant to federal law. Edwards' counsel also directed the trial court to *Mansell v. Mansell*, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), which he contended stood for the proposition that the trial court could not order Edwards to indemnify Valerie for her loss of the 50% pension benefit amount. On December 18, 2015, the trial court found Edwards in contempt and ordered him to pay Valerie the amount she lost as a result of his election to receive CRSC. The trial court

relied on this court's decision in *Bandini v. Bandini*, 935 N.E.2d 253, 264 (Ind. Ct. App. 2010), which it cited as holding that "[a] military spouse may not, by a post-decree waiver of retirement pay in favor of disability benefits of CRSC, unilaterally and voluntarily reduce the benefits awarded the former spouse in a dissolution decree." (Appellant's App. Vol. II, p. 38). The trial court also ordered Edwards to pay $47,263.75[1] in accumulated arrears.

[7] Edwards did not appeal the trial court's December 18, 2015 Order (the 2015 Order). On May 3, 2018, Edwards filed his Verified Motion to Vacate Judgment Pursuant to Trial Rule 60(B)(6) in which he argued that in *Howell v. Howell*, 581 U.S. —, 137 S.Ct. 1400, 197 E.Ed.2d 781 (2017), the United States Supreme Court had held that state courts were not permitted to order a veteran to indemnify a divorced spouse for the loss of the spouse's portion of the veteran's retirement pay caused by the veteran's waiver of retirement pay to receive service-related disability benefits. Pursuant to *Howell*, Edwards contended that the trial court's 2015 Order was void for lack of subject matter jurisdiction.

[8] On December 5, 2018, the trial court held a hearing on Edwards' motion, and, on January 23, 2019, the trial court issued an order partially denying Edwards relief. The trial court found that Edwards had not appealed the 2015 Order; the 2015 Order was, thus, binding on the parties; and the *Howell* decision, while

---

[1] The trial court offset this amount with a credit for overpayment of child support, and judgment was entered in the amount of $44,338.75.

overruling *Bandini*, did not render the 2015 Order void because it did not indicate that its application was to be retroactive. Nevertheless, in light of *Howell* and treating Edwards' motion as one made pursuant to Trial Rule 60(B)(7), the trial court held that it was no longer equitable for the 2015 Order to have prospective effect. The trial court denied Edwards' request to set aside the previously-entered $44,338.75 judgment but ordered that the 2015 Order was set aside and vacated effective May 3, 2018, the date of Edwards' motion to set aside.

[9] Edwards now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[10] We begin by noting that Valerie did not file an appellate brief in this matter. We do not develop arguments on behalf of an appellee who fails to file a brief. *WindGate Props., LLC v. Sanders*, 93 N.E.3d 809, 813 (Ind. Ct. App. 2018). In such cases, we will reverse if the appellant establishes *prima facie* error, meaning error at first sight or error on the face of it. *Id*. However, even in light of this relaxed standard, we still have the obligation to correctly apply the law to the facts in the record to determine whether reversal is required. *Id*.

[11] Edwards appeals following the trial court's partial denial of his Trial Rule 60 motion to vacate judgment. Such motions entail the equitable discretion of the trial court, and, as a general rule, we review the denial of such motions for an abuse of the trial court's discretion. *In re Paternity of P.S.S.*, 934 N.E.2d 737,

740-41 (Ind. 2010).  Edwards offers us three related arguments all stemming from his contention that the trial court lacked subject matter jurisdiction to enter the 2015 Order because federal law and United States Supreme Court precedent precluded it.  Whether a trial court has jurisdiction is a question of law that we review *de novo*.  *Kondamuri v. Kondamuri*, 799 N.E.2d 1153, 1156 (Ind. Ct. App. 2003), *trans. denied*.

## II. *Subject Matter Jurisdiction*

[12]  Edwards argues that the 2015 Order was void *ab initio* because, in entering what he contends was an order in contravention of federal law and binding precedent, the trial court acted outside of its subject matter jurisdiction.  "Indiana courts only have jurisdiction to the extent that jurisdiction has been granted to them by the constitution or by statute."  *In re Custody of M.B.*, 51 N.E.3d 230, 234 (Ind. 2016).  The question of whether a trial court has subject matter jurisdiction "entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs."  *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000).  "*Real* jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process."  *K.S. v. State*, 849 N.E.2d 538, 542 (Ind. 2006) (emphasis in original).  Our supreme court has also noted that

> [t]he fact that a trial court may have erred along the course of adjudicating a dispute does not mean it lacked jurisdiction.  As Justice Arterburn wrote four decades ago:

> Far too often there is an inclination in a law suit to attempt to convert a legal issue into one of "jurisdiction" and from that point contend all actions of the court are void, and that the question of jurisdiction may be raised at any time or that the proceedings are subject to collateral attack and are a matter of original writs in this court.

*Id.* (quoting *J.I. Case Co. v. Sandefur*, 245 Ind. 213, 217-18, 197 N.E.2d 519, 521 (1964)).

[13] Here, the Hamilton County Superior Court No. 1 had original and concurrent jurisdiction in all civil cases. Ind. Code § 33-29-1-1.5(1). Indiana Code section 31-15-2-2, which establishes a cause of action for the dissolution of marriage, grants broad discretion to trial courts to entertain dissolution proceedings and establishes subject matter jurisdiction over those proceedings. *Kondamuri*, 799 N.E.2d at 1158. Thus, the trial court unquestionably had subject matter jurisdiction to entertain issues related to the civil matter of the division of Edwards' and Valerie's assets pursuant to a dissolution proceeding. Whether the trial court applied the correct law in this case, be it federal or state law, is a question of legal error, not a question of subject matter jurisdiction. *See Neese v. Kelley*, 705 N.E.2d 1047, 1051 (Ind. Ct. App. 1999) (holding that mere errors of law do not deprive a court of its jurisdiction or open its judgment to collateral attack and that such errors can only be corrected on direct appeal).

## III. *Res Judicata*

[14]     Edwards did not appeal the 2015 Order, which was a final appealable judgment because it disposed of all issues as to all parties, thus ending the case. *See Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003); *see also* Ind. Appellate Rule 2(H)(1). The doctrine of *res judicata* prevents the re-litigation of issues that are essentially the same. *See Earl v. State Farm Mut. Auto. Ins. Co.*, 91 N.E.3d 1066, 1074 n. 5 (Ind. Ct. App. 2018), *trans. denied*. The doctrine of *res judicata* encompasses the principles of issue preclusion and claim preclusion. *Freels v. Koches*, 94 N.E.3d 339, 342 (Ind. Ct. App. 2018). Claim preclusion applies when a final judgment on the merits has been entered and acts as a complete bar to subsequent litigation on the same claim between identical parties. *M.G. v. V.P.*, 74 N.E.3d 259, 264 (Ind. Ct. App. 2017).

> When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. Claim preclusion applies when the following four factors are present: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies.

*Id*. (quotation omitted). In addition, "the *res judicata* consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038,

1048 (Ind. Ct. App. 2007) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981)).

[15]     Here, the unappealed 2015 Order was *res judicata* as to the parties and precluded further litigation on the same issue of whether Valerie was entitled to the value of 50% of Edwards' pension benefit, regardless of whether the case relied upon by the trial court, *Bandini*, was subsequently overruled by *Howell*. *See id.* Edwards' only argument that *res judicata* did not apply to the 2015 Order is that it was not rendered by a court of competent jurisdiction. That argument fails for the reasons already decided. Because lack of subject matter jurisdiction for the 2015 Order was the basis for all of Edwards' appellate claims, we conclude that the trial court did not abuse its discretion when it partially denied Edwards' motion to vacate judgment. *See P.S.S.*, 934 N.E.2d at 740. For the same reason, we conclude that Edwards has not demonstrated reversible error, even in light of the relaxed standard of review applied to this appeal. *See WindGate Props.*, 93 N.E.3d at 813.

## CONCLUSION

[16]     Based on the foregoing, we conclude that the trial court had subject matter jurisdiction to enter the challenged order and, therefore, that Edwards has failed to demonstrate even *prima facie* error as a result of the trial court's partial denial of his motion for relief from judgment.

[17]     Affirmed.

[18]     Vaidik, C. J. and Bradford, J. concur